Donald G. STEARNS, Petitioner and Respondent,

v.

TWIN BUTTE PUBLIC SCHOOL DIS-TRICT NO. I, School Board and Canvassing Board, namely, James Mrnak, Gene Ruppert, Gene Langlee, Walter Eiseman, and Russell Stuber, Respondents and Appellants.

Civ. No. 8684.

Supreme Court of North Dakota.

April 6, 1971.

Maurice E. Cook, Bowman, for petitioner and respondent.

John A. Amundson, Bowman, for respondents and appellants.

STRUTZ, Chief Justice, on reassignment.

Donald G. Stearns, the respondent, brought this proceeding for a writ of mandamus to compel the school board of Twin Butte Public School District No. 1, acting as the official canvassing board of said district, to issue a certificate of election to the respondent as member of the school board of Twin Butte Public School District No. 1.

The record discloses that at an election held on June 2, 1970, the vote to fill an unexpired term on such board was 175 for Stearns and 173 for one James Mrnak, who previously had been appointed to fill a vacancy on the board when the person who had been elected failed to qualify for the office. On June 6, 1970, the school board, of which Mrnak was a member, acting as the canvassing board under the law, met and certified that Mrnak had been elected to the office, although he had received fewer votes than the respondent had received, and issued a certificate of election to him. Mrnak did not act in the deliberations of the canvassing board in making that determination.

The reason for the action of the canvassing board in issuing a certificate of election to Mrnak and not to Stearns, who had received the highest number of votes for the office in question, was that the school board, for many years, had been composed of three members from the city of Bowman and two members from the rural area of the district. The appellants contend that the law requires such division in the membership, and they point out that since Stearns is a resident of the city of Bowman, his membership would place four city members and only one rural member on the school board. The canvassing board argues that, even if the law should be interpreted as not requiring such member of the board to be a rural resident, the long-continued construction placed on the law by the members of the canvassing board, requiring two members of the board to be from the rural areas of the district, should be controlling.

The trial court ordered a peremptory writ of mandamus to issue and held that Stearns, who was elected by a majority

vote of the district, is qualified to hold the office of school board member and that the canvassing board issue to him a certificate of election as member of the board of Twin Butte Public School District No. 1.

From the judgment entered, the school board, acting as the canvassing board, takes this appeal.

The appellants raise three issues on this appeal, which we will consider in the order listed:

1. That the respondent is seeking to try title to the office of school board member by mandamus, whereas title to an office should be determined in quo warranto proceedings;

2. That the respondent was not, in fact, elected to the office of member of the school board of Twin Butte Public School District No. 1 because he was a resident of the city of Bowman, whereas the office for which he was a candidate was to be filled by a rural resident of the district, under the law; and

3. That even if the law does not require that such member of the school board be a rural resident, the long-continued construction placed on the law by the members of the school board, who have the duty of executing and applying the statute, is controlling.

We first will determine whether Stearns, in making application for a writ of mandamus, is pursuing the wrong remedy. Our law providing for a writ of mandamus reads as follows:

"The writ of mandamus may be issued by the supreme and district courts to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is precluded unlawfully by such inferior tribunal, corporation, board, or person." Sec. 32-34-01, N.D.C.C.

Thus it will be seen that a writ may be issued to compel the performance of an act which the law specially enjoins as a duty resulting from an office, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is precluded unlawfully. In this case, it is not disputed that Stearns did receive the highest number of votes for the office of school board member to fill the vacancy on such board. Furthermore, it cannot be denied that the law places upon the school board, as canvassing board for school elections, the duty to canvass the returns of school elections and provides that "the person receiving the highest number of votes for each office in the district shall be declared elected." Sec. 15-47-06, N.D.C.C.

The duty of the canvassing board of declaring the result of a local election is purely ministerial. Jay v. O'Donnell, 178 Ind. 282, 98 N.E. 349 (1912). The canvassing board may not refuse to perform this duty, and it has been held that the performance of such duty may be enforced by mandamus. State ex rel. Benton v. Elder, 31 Neb. 169, 47 N.W. 710 (1891). See also 26 Am.Jur.2d Elections, Sec. 307, p. 132, where the author says, "The duty of declaring the result of an election is ministerial, and its performance may be enforced by mandamus."

Thus, when it was determined that Stearns had received the highest number of votes for the office in question, the canvassing board had no alternative but to perform its ministerial duty and issue to him a certificate of election. It had no authority to set itself up as judge of the qualifications of the candidates and issue a certificate to Mrnak on the ground that Stearns was not qualified to hold the office.

The appellants assert, however, that after the canvassing board did issue a certificate of election to Mrnak, even though this may have been done wrongfully, title to the office in question may not be determined in a mandamus proceeding; that in order to raise the issue properly, Stearns should have brought quo warranto proceedings.

■ There is no doubt that title to an office may be determined in quo warranto proceedings and that, historically, this has been the usual proceeding employed to determine title to an office. State ex rel. Butler v. Callahan, 4 N.D. 481, 61 N.W. 1025 (1895); Walker v. Weilenman, 143 N.W.2d 689 (N.D.1966). The question we must answer now is whether, under the law and the rules of procedure, quo warranto is the only proceeding in which the right to an office may be determined.

Since the adoption of the North Dakota Rules of Civil Procedure in 1957, the form of the action no longer is important. Rule 8(a) provides that a pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief, and shall set forth a demand for judgment for the relief to which the pleader deems himself entitled. Rule 8(e) (1) specifically provides that technical forms of pleading no longer are required.

In the proceeding before us, Stearns sets forth in his pleading that he received the highest number of votes for the office of school board member; that the canvassing board determined that he was not qualified to serve in such capacity under the law, Section 15–28–02, North Dakota Century Code, as amended, and that the board therefore did certify Mrnak as elected to the office in question. Stearns now demands as relief that the board be commanded to certify him as elected to the position on the school board.

■ Thus Stearns in his pleading has set forth a claim for relief and a demand for judgment for the relief to which he deems himself entitled, to wit, that he be declared elected as a member of the Twin Butte School Board. He did designate his pleading a petition for writ of mandamus, but we deem that unimportant. Since the adoption of the North Dakota Rules of Civil Procedure, if the pleading sets forth a claim—which it does in this case—and if the pleader makes a demand for judgment for the relief to which he deems himself entitled—which in this case is that he be declared elected as a member of the school board—then the granting of relief ought to be considered even though such pleader misnames his pleading. Had Stearns, in bringing this proceeding, asked the court for an appropriate writ instead of asking for a writ of mandamus, there is no doubt that the relief would have been granted to him. Should the court, because he applied for a writ of mandamus, if that be an inappropriate writ under our former statutes and rules of practice, deny his application and hold that he be compelled to go back to the district court and assert the very same claim and make the very same demand for relief, only calling his pleading an application for quo warranto? It is this type of tactics which has placed courts of law in a bad light in the past.

■ So, without determining whether Stearns should have made an application for quo warranto instead of an application for a writ of mandamus, we hold that his pleading did set forth a claim and that he makes demand for relief to which he deems himself entitled, and we now proceed to the issue of whether he is qualified under the law to hold the office for which he received the highest number of votes.

The appellants state that, since 1952, two of the members of the board have been from the rural area of the district and three have been residents of the city of Bowman. They contend that the law requires that two members of the board reside in the rural area of the district.

The section of the law upon which the canvassing board relies reads:

"When a school district is composed of six or more sections of land having a city or incorporated village within its boundaries and when the population of the school district does not exceed two thousand persons, at least two members of the school board shall be residents upon farms outside the corporate limits of the city or village. When the assessed taxable valuation of the rural area of a school district containing a city or incorporated village is greater than the assessed taxable valuation of the urban area of the district, the majority of the members of the school board shall reside upon farms outside the corporate limits of the city or village. In every public school district composed of six or more sections of land and having within its boundaries a city or an incorporated village with a population of more than two thousand but less than fifteen thousand persons, and which has at least twenty-five families residing upon farms outside the corporate limits of the city or village but upon farmsteads located within the school district and sending children to school in such school district, at least one member of the board shall be a resident upon a farm outside the corporate limits of the city or village. When a school district has within its boundaries four or more incorporated cities or villages, a school board member residing in a city or village having a population of two hundred or less, according to the latest federal census, shall be considered as a rural member and as residing upon a farm within the meaning of this section." Sec. 15–28–02, N.D.C.C., as amended.

Let us now examine this statute to determine whether, under the facts in this case, it requires that two members of the board be from the rural area of the district.

■ First, when a school district is composed of six or more sections of land having a city or incorporated village within its boundaries, and "when the population of the school district does not exceed two thousand persons," two rural members are required. The appellants contend that Stearns failed to prove that the population of the school district exceeded two thousand persons. In order to prove the population of the district, Stearns introduced as an exhibit a pamphlet printed by the Secretary of State of North Dakota. The exhibit shows that the official census, as reported to the Secretary of State by the Federal Census Bureau, lists the population of the area designated as Twin Butte Public School District No. 1 to be over 2,000. On the basis of this exhibit, the trial court made a finding that the population of Twin Butte Public School District No. 1 exceeded 2,000. It is true that the foundation for this exhibit might have been more expertly laid, and that the defendants' objection to the exhibit has some merit. Nowhere, however, do the defendants dispute the accuracy of the population figures as revealed by the exhibit. They merely object to the consideration of the figures disclosed by the exhibit on the ground of lack of proper foundation. Our statute provides that the courts will take judicial notice of the results of the taking of an official census. Sec. 31–10–02(57), N.D.C.C. We have checked the census figures as shown by the records in the office of the Secretary of State, and we find that the figures shown on the exhibit to which objection was made are correct. Therefore, we hold that any error in the admission of the exhibit is without prejudice.

■ The next provision of the law urged against Stearns by the board is the portion which states that when the assessed taxable valuation of the rural area of a school district containing a city or incorporated village is greater than the assessed taxable valuation of the urban area of the district, the majority of the members of the school board shall reside upon farms outside the corporate limits of the city

or village. The court found from the evidence submitted—and there seems to be no dispute on this point—that the assessed valuation of the urban area of the district greatly exceeds the assessed valuation of the rural area. The finding of the trial court is supported by the evidence. Therefore, the statutory provision requiring a majority of the members to be from the rural area of the district, where the rural assessed valuation is greater than the urban assessed valuation, does not apply in this case.

■ The next portion of the law relied upon by the board provides that in every public school district composed of six or more sections of land and having within its boundaries a city or incorporated village with a population of more than 2,000 but less than 15,000, which has at least twenty-five families residing upon farms outside the corporate limits of the city or village but within the district and sending children to school within the district, at least one member of the board shall be a resident upon a farm outside the corporate limits of the city or village. This part of the law gives the rural area no more representation than the first part of the law.

■ The last portion of the law, we believe, also is inapplicable in the case at bar. That provision states that when a school district has within its boundaries four or more incorporated cities or villages, a school board member residing in a city or village having a population of 200 or less shall be deemed to be a rural member. Bowman is the only city within the boundaries of Twin Butte Public School District No. 1. Therefore, this provision does not apply.

■ Thus we hold that there is no statutory provision which requires that there be at least two rural members on the school board of Twin Butte Public School District No. 1. The provisions of the statute might have been expressed in

clearer, less ambiguous language. But the rule urged by the defendants that, in construing a statute of doubtful meaning, weight will be given to the long-continued construction placed thereon by officers charged with the duty of executing and applying the statute, would not apply to the construction placed on such statute by a local canvassing board. Had the interpretation urged by the defendants been placed on the law by the Attorney General of the State of North Dakota, the rule enunciated by this court in State v. Equitable Life Assurance Society, 68 N.D. 641, 282 N.W. 411 (1938), might have been successfully urged. But courts cannot give weight to the interpretations placed on laws by the various local boards since each board might place a different interpretation on the law.

We therefore affirm the judgment of the trial court in holding that the plaintiff Stearns is qualified to hold office as a member of the school board of Twin Butte Public School District No. 1, and we affirm the order of the trial court directing the defendant canvassing board to issue a certificate of election to him.

ERICKSTAD and PAULSON, JJ., concur.

TEIGEN, Judge (concurring specially).

I concur in the result. However, I think the majority erred in considering this special proceeding in mandamus as an action in the nature of quo warranto. An action in the nature of quo warranto names as defendant the person charged with exercising the office without lawful right. 44 Am.Jur. Quo Warranto, Section 79. It is also made clear by our statutes that such action shall be brought against the claimed usurper. Sections 32–13–01, 32–13–07, 32–13–08 and 32–13–11, N.D.C.C. Although Mrnak is named in the title of the proceeding for mandamus, he is named only in his official capacity as a member of the school and canvassing boards of Twin Butte Public School District No. 1.

He was an incumbent seeking re-election. He was proceeded against in his official capacity and not as an individual, which is made clear not only by the title of the proceeding but also in the order of the court directing the issuance of the alternative writ of mandamus. It states:

"It is further Ordered that service by copy of the Petition, the Writ and a copy of this Order on the five members of the school and canvassing boards set out in the caption shall constitute service on the boards in their official capacity * * *"

It is my belief that an action in the nature of quo warranto is an inadequate remedy in this case. Although Stearns may be successful in an action in the nature of quo warranto to oust Mrnak from office, it would not necessarily follow that Stearns would be entitled to the office because the board had not declared that he was elected nor had he, in his possession, a certificate of election.

Further, it is my belief that it is not necessary to construe this proceeding as an action in the nature of quo warranto in order to reach the legal issue on the question of the eligibility of Stearns as a candidate for the office, or to hold the office.

Section 15–47–06, N.D.C.C., governs school board elections. It provides, in part:

"An election in a public school district, except as otherwise provided in this title, shall be conducted and the votes shall be canvassed in the manner provided by the laws of this state for the election of county officers."

The statutes pertaining to canvassing in an election of county officers do not empower the board of canvassers to exercise discretion in determining who are qualified as candidates for an office. Its duties in this respect are purely ministerial.

Section 15–47–06, N.D.C.C., also provides:

"The school board shall canvass all election returns and shall declare the result of any election within three days thereafter, and the result of the election shall be entered upon the records of the board. The person receiving the highest number of votes for each office in the district shall be declared elected."

In this instance the board of canvassers found that Stearns had the largest number of votes. However, the board did not declare Stearns elected to the office. Instead, the board declared Mrnak elected.

It is the contention of Stearns in this proceeding that the board did not carry out its duties as required by law. The board contends that it applied Section 15–28–02, N.D.C.C., which requires that at least two members of the school board shall be residents upon farms. Stearns is a resident of the city of Bowman and because there was just one holdover member on the board who resided on a farm, the board determined that Stearns was not eligible to hold the office. It certified and declared that the incumbent Mrnak, who had received the lowest number of votes but who lived on a farm, was elected to the office.

The trial court found that Section 15–28–02, N.D.C.C., is not applicable to Twin Butte Public School District No. 1 and, with this conclusion, the majority agreed. I also agree with this conclusion. Therefore, as a matter of law, the board erred in making its determination.

In further response to the claim of Stearns, the board also argued that it completed its duties as a school and canvassing board when it canvassed the votes and declared Mrnak elected. Generally, a board of canvassers which has fully performed its duties and proclaimed the result of the election and has adjourned must be considered as having performed its duty and the board is then deemed functus

officio so that the persons who composed it do not have any power or authority voluntarily to reassemble and recanvass the returns. 26 Am.Jur.2d Elections, Section 303. That section also states:

"However, a canvassing board cannot evade its duties by adjourning without taking the action required by law, and as a general rule, mandamus lies to compel its members to reassemble and perform their duty."

For the foregoing reasons, the legal question has arisen in the mandamus proceeding without the necessity of considering it as an action in quo waranto. The burden is upon Stearns to show his right to the certificate, and if he is ineligible to hold the office the writ should not be granted.

"The duty of declaring the result of an election is ministerial, and its performance may be enforced by mandamus. Thus, where it is admitted that the relator was duly elected to the office in question and the respondents on whom the duty of issuing a certificate of election is imposed improperly and illegally withhold their certificate, and where there is no other legal remedy whereby the relator can obtain adequate relief, he is entitled to a writ of mandamus to compel the issuance of the certificate, even though other proceedings may be necessary to enable the relator to secure the possession and emoluments of the office after the certificate is issued. *However, to entitle a relator to the writ, his right to the certificate must be clearly shown, so if he is ineligible to hold office, a writ will not be granted though the duty of the canvassing board to issue a certificate of election is ministerial.*" 26 Am.Jur.2d Elections, Section 307. [Emphasis added.]

Stearns sustained the burden to show his right to the certificate when it was established that he had received the highest number of votes, and when he produced evidence establishing that Section 15–28–02, N.D.C.C., was not applicable to this school district.

For the reasons aforesaid, it is my opinion that it was unnecessary and also improper for the majority to apply Rule 8(a), N.D.R.Civ.P., to reach the issue in this proceeding.

KNUDSON, Judge.

I join in the special concurrence of Judge Teigen.