Filler. v. Bragg., 1997 ND 24, 559 N.W.2d 225|N.D. Supreme Court|
Filler. v. Bragg., 1997 ND 24, 559 N.W.2d 225
[Go to Documents]
Filed Feb. 12, 1997
IN THE SUPREME COURT
STATE OF NORTH DAKOTA
1997 ND 24
Alvin Filler and Joan Filler, Plaintiffs and Appellees
v.
Ryan James Bragg, Defendant and Appellant
and
Gary Reinhardt, Defendant
Civil No. 960275
Appeal from the District Court for Morton County, South Central Judicial District, the Honorable Dennis A. Schneider, Judge.
REVERSED AND REMANDED.
Opinion of the Court by VandeWalle, Chief Justice. Lyle R. Panasuk, Draeb Law Offices, 705 Main, P.O. Box 33, Hebron, ND 58638, for plaintiffs and appellees. Kevin J. Chapman of Winkjer, McKennett, Stenehjem, Reierson & Forsberg, P.O. Box 1366, Williston, ND 58802-1366, for defendant and appellant. Submitted on brief.
Filler v. Bragg
Civil No. 960275
VandeWalle, Chief Justice.
[¶1] James Bragg appealed from the trial court's order denying his motion to dismiss and his motion to reconsider. Bragg claims the court lacks personal jurisdiction because of improper service of process. Because the trial court abused its discretion, we reverse and remand.
[¶2] In August of 1995, James Bragg and Gary Reinhart broke into Alvin and Joan Filler's (Fillers) garage and stole their 1992 Dodge Caravan, causing damages amounting to $2,966.28 to the van and $239.05 to the garage. In early 1996, the Fillers' attorney sent a letter to Bragg requesting restitution for the damage to the garage, in response to which Bragg denied liability. The Fillers then filed a summons and complaint against Bragg in April of 1996 and, on April 8, 1996, served them on Bragg at his address in Williston, North Dakota, the same address to which the restitution letter was sent. The summons and complaint were personally served upon Ardis Bragg, James' mother. The sheriff stated he was unable to ascertain Bragg's exact whereabouts.
[¶3] In May 1996, having received no answer from Bragg, the Fillers filed for default judgment. Bragg, at least aware of the suit against him, filed a motion to dismiss, claiming insufficient service of process. Bragg contended he was no longer a resident of Williston, but rather had moved to Cass County, North Dakota, and, by serving his mother, adequate personal service was not achieved. The trial court denied Bragg's motion on June 29, 1996, and granted the Fillers' motion for default judgment on the same day. The Fillers' attorney served a notice of entry of default judgment on Bragg on July 12, 1996. Bragg filed a motion to reconsider on July 2, 1996, which was denied on August 13, 1996. Bragg then filed a notice of appeal on September 16, 1996, appealing the default judgment and the motion to reconsider.
[¶4] We first consider the procedural problems in this appeal. Bragg filed a notice of appeal from the default judgment and order denying several motions, including a motion to dismiss, on September 16, 1996. Notice of entry of the default judgment was served on July 12, 1996. Under Rule 4(a), N.D.R.App.P., a notice of appeal must be filed within 60 (sixty) days of the entry of judgment. Rule 26(c), N.D.R.App.P., provides for three additional days for mailing. Here, Bragg mailed his notice of appeal within 63 days, but the notice was not filed until the sixty-sixth day following the judgment. Mailing is not filing under North Dakota law. State v. DuPaul, 527 N.W.2d 238, 243 (N.D. 1995). Thus, the notice of appeal from the entry of default judgment was untimely.
[¶5] After the appeal was filed, we recognized the problem, and, issued an Order of Limited Remand for purpose of consideration of an appropriate motion under Rule 4(a), N.D.R.App.P. On remand, Bragg filed a motion to extend the time for filing an appeal from the default judgment, which the trial court denied.
[¶6] The matter, however, is complicated by Bragg's filing of a motion to reconsider the default judgment. Under Rule 4(a), N.D.R.App.P., the filing of several motions will toll the time for appeal.(1) Moreover, if the motion to reconsider is treated as a Rule 60(b), N.D.R.Civ.P., motion to vacate the default judgment, the granting or denying of such a motion is appealable by its own right. N.D.C.C. § 28-27-02. If treated as a 60(b) motion, the appeal would be timely, because the trial court denied Bragg's motion to reconsider on August 13, and Bragg's notice of appeal was filed within 60 days of the trial court's order.
[¶7] However, it appears the trial court did not view the motion to reconsider in this light. On our limited remand, the trial court denied Bragg's motion, stating, "Mr. Bragg [asks for] the judgment to be set aside, not simply amended. Therefore, the motion to reconsider could not be a motion to amend." The trial court concluded Bragg was simply trying to "shoehorn" himself into court by contriving the rules. It appears the trial court did not consider Bragg's motion to reconsider as the type of motion which would toll the time for appeal.
[¶8] When looking at a pleading or motion, we will consider the motion's substance rather than its title to determine the proper nature of the pleading. See Stearns v. Twin Butte Public School Dist. No. 1, 185 N.W.2d 641, 645 (N.D. 1971) (holding the nature of the claim and relief sought is controlling, not the name of the pleading). Under North Dakota Rules of Civil Procedure, the exclusive means for opening a default judgment is through a Rule 60(b) motion to vacate the judgment. Rule 55, N.D.R.Civ.P., explanatory note. Overboe v. Odegaard, 496 N.W.2d 574, 577 (N.D. 1993). Bragg's motion to reconsider was filed after the default judgment was entered against him and requested the court to "reconsider and reverse the Order for Default Judgment . . ." so he could have an opportunity to respond. In considering this motion under Rule 55, it appears Bragg was asking the trial court to set aside the default judgment. Therefore, on appeal, we view Bragg's motion to reconsider as a Rule 60(b) motion to vacate. Thus, the appeal is timely, and we will consider if the trial court's denial of Bragg's motion to reconsider, or motion to vacate, and entering of default judgment was proper.
[¶9] It is within the trial court's discretion whether to grant or deny a motion to vacate. Soli v. Soli, 534 N.W.2d 21, 23 (N.D. 1995). Absent an abuse of this discretion, we will not set aside the trial court's decision on appeal. Overboe, 496 N.W.2d at 577. A trial court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misinterprets or misapplies the law. Weber v. Weber, 548 N.W.2d 781, 783 (N.D. 1996) (citing Smith v. Smith,538 N.W.2d 222, 230 (N.D. 1995)).
[¶10] Under the North Dakota Civil Rules, a party may obtain a default judgment when the defendant has failed to appear or plead. Rule 55, N.D.R.Civ.P.; Overboe, 496 N.W.2d at 578. We have viewed what constitutes an "appearance" very broadly, stating an appearance is "any response sufficient to give the plaintiff or his or her attorney notice of an intent to contest the claim." Throndset v. Hawkenson, 532 N.W.2d 394, 397 (N.D. 1995) (citing Hatch v. Hatch, 484 N.W.2d 283, 285 (N.D. 1992)). Prior to the entry of default judgment, notice of the party's intent to enter default judgment must be served on the opposing party at least eight days before the hearing on the application. Rule 55(a)(3), N.D.R.Civ.P. The purpose of this rule allows for a "party [to be] made aware that a default judgment may be entered against him." 10 Wright, Miller & Kane, Federal Practice and Procedure, Civil 2d § 2687 (1983).
[¶11] Rule 55 states, in relevant part, "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear . . . the court may direct . . . judgment by default . . . ." (emphasis added) By its very language, Rule 55 provides default judgment may not be obtained against a party who has appeared. If a party appears by motion following notice but prior to entry of default judgment, a trial court, if it denies the party's motion, must allow a reasonable time for the party to file a responsive pleading prior to the entry of default judgment. Compare N.D.R.Civ.P. 12(a) in part ("[t]he service of a motion permitted under this rule alters those periods of time [to file an answer] as follows, unless a different time is fixed by order of the court: (i) if the court denies the motion . . . , the responsive pleading must be served within 10 days after notice of the court's action; . . . ."). If no time is given, the notice required by Rule 55 has no practical effect.
[¶12] Here, Bragg filed his motion to dismiss following notice of the Fillers' application for default judgment. By filing the motion to dismiss, Bragg made an appearance. Furthermore, the defense of improper service can be raised either in an answer or in a motion, such as a motion to dismiss. United Accounts, Inc. v. Quackenbush, 434 N.W.2d 567, 571 (N.D. 1989). Bragg argued, in his motion to reconsider, that by denying his motion to dismiss and ordering default judgment on the same day, he was not given an adequate opportunity to file a responsive pleading.
[¶13] The trial court denied Bragg's motion to dismiss and ordered entry of default judgment on June 26, 1996. Under our interpretation of "appearance," Bragg, by filing a motion to dismiss, appeared before the trial court. By granting a motion for default judgment on the same day it denied Bragg's motion to dismiss, the trial court did not provide Bragg any reasonable time to file an answer. This misapplication of the law is an abuse of the trial court's discretion.
[¶14] A trial court, following the denial of motions made under these rules, must allow a reasonable amount of time for filing of responsive pleadings before it can order the entry of default judgment. What constitutes a reasonable time is in the discretion of the trial court, keeping in mind the dictates of Rule 12(a), N.D.R.Civ.P, and our strong preference to have cases tried on the merits. Perdue v. Sherman, 246 N.W.2d 491, 496 (N.D. 1976).
[¶15] We reverse and remand. On remand, Bragg must be given a reasonable opportunity to answer the complaint on its merits.
[¶16]
Gerald W. VandeWalle, C.J.
Dale V. Sandstrom
William A. Neumann
Mary Muehlen Maring
Herbert L. Meschke
FOOTNOTES: 1. Rule 4(a), N.D.R.App.P., provides, in part:
"The running of the time for filing a notice of appeal is terminated . . . by a timely motion filed in the trial court . . . pursuant to the North Dakota Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from service of notice of the entry of any of the following orders made upon a timely motion under such rules: (1) granting or denying a motion for judgment under Rule 50(b) [motion for new trial]; (2) granting or denying a motion under Rule 52(b) [motion to amend] . . .; (3) granting or denying a motion under Rule 59 to alter or amend the judgment; or (4) denying a motion for a new trial under Rule 59."