1999 ND APP 2

The INDUSTRIAL COMMISSION OF NORTH DAKOTA acting as The North Dakota Housing Finance Agency, Plaintiff and Appellee

v.

James F. WOLF, Defendant and Appellant

Civil Nos. 980052CA & 980053CA

Court of Appeals of North Dakota.

Feb. 1, 1999.

Randall N. Sickler, Special Assistant Attorney General, Dickinson, ND, for plaintiff and appellee.

James F. Wolf, pro se, Fargo, ND. Submitted on brief.

## PER CURIAM.

[¶ 1] James F. Wolf appealed from a default judgment granted to the Industrial Commission of North Dakota, acting as the North Dakota Housing Finance Agency (NDHFA), and from an order denying Wolf's motion to vacate.[1] We conclude the trial court did not abuse its discretion in denying Wolf's motion to vacate. We therefore affirm.

[¶ 2] In January 1993, Wolf borrowed $42,550 from State Bank of Fargo (Bank) to buy a house, and granted the Bank a mortgage on that property. The loan was insured by the Farmers Home Administration (FHA). The Bank assigned the promissory note and mortgage to NDHFA. On April 20, 1997, after Wolf had defaulted on monthly payments of principal, interest, taxes, assessments and insurance premiums, NDHFA brought a foreclosure action against Wolf. When Wolf failed to answer the summons and complaint, NDHFA applied to the trial court for a default judgment under N.D.R.Civ.P. 55. Wolf did not appear and judgment of foreclosure was entered on May 22, 1997. NDHFA bought the property at a sheriff's sale on July 17, 1997, and after expiration of the redemption period, received a deed to the property.

[¶ 3] Wolf refused to leave the premises, and on October 23, 1997, NDHFA brought an eviction action against him. Wolf finally responded and appeared at the eviction hearing. Following the hearing, the trial court ordered Wolf to immediately remove his possessions and vacate the property.

[¶ 4] On December 3, 1997, Wolf, acting pro se, filed a "motion to vacate" with the trial court requesting that "the purported judgment and notice of entry thereof in this matter" be vacated. Following a hearing, the trial court denied Wolf's motion. Wolf appealed.

[¶ 5] Wolf asserted to the trial court the judgment should be vacated because the court was without jurisdiction and because process and service of process were insufficient. The trial court properly treated Wolf's motion as a motion to vacate the judgment under N.D.R.Civ.P. 60(b). *See, e.g., Filler v. Bragg,* 1997 ND 24, ¶ 8, 559 N.W.2d 225. In reviewing a trial court's denial of a Rule 60(b) motion to set aside a regularly entered judgment, we do not determine if the trial court was substantively correct in entering the judgment from which relief is sought, but determine only if the trial court abused its discretion in ruling sufficient grounds for disturbing the finality of the judgment were not established. *Crawford v. Crawford,* 524 N.W.2d 833, 835 (N.D.1994). A mere recitation of the grounds set forth in Rule 60(b), without specific details underlying those assertions, is insufficient to afford relief. *Fleck v. Fleck,* 337 N.W.2d 786, 790 (N.D.1983). A trial court abuses its discretion when its decision is not the product of a rational mental process by which the facts and law relied on are stated and considered together for the purpose of achieving a reasoned and reasonable determination. *Clooten v. Clooten,* 520 N.W.2d 843, 845 (N.D.1994). We will not overturn the trial court's decision on a Rule 60(b) motion merely because it is not the one we might have made had we decided the original motion. *Greenwood v. American Family Ins. Co.,* 398 N.W.2d 108, 110 (N.D. 1986).

---

1. Wolf also appealed from a judgment of eviction entered after the default judgment. The North Dakota Supreme Court, however, dismissed Wolf's appeal from the judgment of eviction in an unpublished order dated May 13, 1998.

[¶ 6] Wolf did not meet his burden of showing mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party necessary to obtain relief under Rule 60(b). Wolf has not attempted to give any explanation why he failed to appear during the foreclosure proceedings. The North Dakota Supreme Court has long said a Rule 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices. *See, e.g., First Nat. Bank of Crosby v. Bjorgen*, 389 N.W.2d 789, 796 (N.D.1986). Wolf, who also failed to appear at oral argument in this appeal, has not shown his failure to appear at the foreclosure proceedings was anything other than his own deliberate choice.

[¶ 7] Wolf argues the trial court lacked jurisdiction because of insufficient process and numerous other reasons. Although issues involving subject matter jurisdiction cannot be waived and can be raised sua sponte at any time, *see Larson v. Dunn*, 474 N.W.2d 34, 39 (N.D.1991), Wolf's arguments are unpersuasive. Not every allegation of lack of jurisdiction raises a jurisdictional issue. For example, the North Dakota Supreme Court has noted subject matter jurisdiction is not determined by whether the trial court correctly applies a statute to a particular claim, because to hold otherwise would vest subject matter jurisdiction in the court subject to divestment upon an erroneous ruling. *See Peterson v. Peterson*, 1997 ND 14, ¶ 9, 559 N.W.2d 826. Thus, while an error of law in the proceedings may furnish grounds for appeal, it does not invalidate the judgment. *See Matter of Estate of Hansen*, 458 N.W.2d 264, 268 (N.D.1990). Wolf's arguments principally allege errors of law by the trial court, and are not jurisdictional in nature.

[¶ 8] Wolf claims FHA was not a named party in the proceeding, and because it was not, the trial court lacked jurisdiction. He also claims the federal Administrative Procedure Act was not followed, resulting in a lack of jurisdiction. Wolf asserts NDHFA committed fraud upon the trial court because it did not have title to the property. He also claims this foreclosure action had to be brought in a federal court because of FHA's involvement as an insurer. These arguments are without merit.

[¶ 9] The Bank assigned to NDHFA the promissory note and mortgage. An assignee of an instrument acquires the rights of the assignor, including the right to enforce the instrument. *Global Financial Serv. v. Duttenhefner*, 1998 ND 53, ¶ 19, 575 N.W.2d 667. NDHFA therefore had title to the property and the right to bring the foreclosure action. Moreover, federal courts do not have original jurisdiction over foreclosure actions involving real property in this state. State district courts are vested with exclusive original jurisdiction of all actions for the foreclosure of real estate mortgages in this state. *See First National Bank of Waseca v. Paulson*, 69 N.D. 512, 523, 288 N.W. 465, 471 (1939); N.D. Const. Art. VI, § 8; N.D.C.C. § 32–19–01. Even assuming the federal Administrative Procedure Act is applicable to these proceedings, Wolf's vague reference to the Act, without directing our attention to specific violations, is insufficient to raise the issue for our review. Wolf's reliance on numerous constitutional and statutory provisions for the proposition he is entitled to own property without paying for it is patently frivolous. We conclude the trial court did not abuse its discretion in refusing to grant Wolf Rule 60(b) relief from the judgment.

[¶ 10] Wolf also appealed from the default judgment of foreclosure. NDHFA asserts we should dismiss this appeal because Wolf did not appear at those proceedings and, under N.D.R.Civ.P. 77(d), it was not required to serve Wolf notice of entry of judgment. According to NDHFA, the time for Wolf to appeal from that judgment has long since expired, even though no service of notice of entry of judgment was given under N.D.R.App.P. 4(a). We need not decide this issue. Wolf does not raise any arguments relating to the default judgment that are separate and distinct from his "jurisdictional" arguments relating to the Rule 60(b) motion

which we have already addressed. Moreover, there is no dispute Wolf failed to appear at the foreclosure proceedings. Issues not raised in the trial court cannot be raised for the first time on appeal. *State v. Berlin*, 1999 ND App 1, ¶ 10, 588 N.W.2d 866.

[¶ 11] Accordingly, we affirm the default judgment of foreclosure and the order denying Wolf's motion to vacate.

[¶ 12] GERALD G. GLASER, S.J., DAVID W. NELSON, D.J., MAURICE R. HUNKE, D.J., concur.