Filed 4/5/00 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2000 ND 72

Dennis Follman, Plaintiff and Appellant

v.

Upper Valley Special

Education Unit, Defendant and Appellee

No. 990281

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable M. Richard Geiger, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Todd J. Chrzanowski (argued) and William E. McKechnie, William E. McKechnie & Associates, P.C., 305 South 4th Street, Grand Forks, ND 58201, for plaintiff and appellant.

Patrick R. Morley, Morley Law Firm, Ltd., 215 North 3rd Street, P.O. Box 14519, Grand Forks, ND 58208-4519, for defendant and appellee.

Follman v. Upper Valley Special Education Unit

No. 990281

Kapsner, Justice.

[¶1] Dennis Follman appealed from a trial court order denying his motion to reconsider its grant of summary judgment to Upper Valley Special Education Unit (“Upper Valley”).  We hold the trial court did not abuse its discretion in denying Follman’s motion.  We therefore affirm.

I

[¶2] From about June 1989 to June 1995, Follman worked as a special education coordinator for Upper Valley.   On June 2, 1995, Follman resigned after submitting a memorandum signed and dated April 3, 1995.  In the memorandum, Follman asserted he had been subjected to sexual harassment “[d]uring the past two years” and such conduct was forcing him to seek other employment.  Follman later indicated the last incident of alleged sexual harassment occurred in January 1995.
(footnote: 1) 

[¶3] Alleging sexual harassment, Follman served Upper Valley with a summons and complaint dated May 27, 1998.  Follman asserted violations of the North Dakota Human Rights Act and intentional infliction of emotional distress.
(footnote: 2)  Upper Valley answered, contending Follman’s claims were barred by the applicable three year statute of limitations.   

[¶4] Upper Valley moved for summary judgment, alleging Follman’s claims were precluded by the statute of limitations.  Upper Valley emphasized Follman’s  memorandum was dated April 3, 1995, more than three years prior to his bringing suit.    Follman  asserted he had a stroke shortly after he stopped working for Upper Valley which impaired his ability to remember the events forming the basis for his claims and thus the statute of limitations should have been tolled. 

[¶5] The trial court concluded Follman’s claims were barred by the three year statute of limitations because in January 1995,  Follman discovered the facts which formed the basis for his claim.  Reasoning Follman merely submitted conclusory statements in his affidavit and failed to provide sufficient factual support, the trial court rejected his assertion that his alleged medical disability tolled the statute of limitations. The trial court thus granted summary judgment dismissal in February 1999. 

[¶6] Later in February, Follman moved the trial court to reconsider its grant of summary judgment.  To support his motion, Follman submitted a neuropsychological evaluation dated January 7, 1997, and a radiology report dated September 13, 1995.  In late July 1999, Follman sent a letter to the trial court, inquiring about disposition of his motion.  Upper Valley subsequently submitted a response brief.  

[¶7] The trial court stated “[i]f the[re] was medical evidence available to support the conclusionary [sic] statements made by Dennis Follman[,] that should have been presented before the court ruled.”   The trial court thus denied Follman’s motion.  A final judgment of dismissal was entered on August 25, 1999.   Follman appealed. 

II

[¶8] Asserting he “presented evidence in a motion for reconsideration that created a genuine issue of material fact as to whether the statute of limitations had run on his claims,” Follman contends the trial court erred in denying his motion for reconsideration.

[¶9] Under N.D.R.Civ.P. 60(b): On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment or order in any action or proceeding for the following reasons: 

. . . 

(vi) any other reason justifying relief from the operation of the judgment. 

[¶10] A trial court’s decision on a Rule 60(b) motion for relief is within the trial court's sound discretion and will not be overturned absent an abuse of discretion.  
Grinaker v. Grinaker
, 553 N.W.2d 204, 207 (N.D. 1996).  An abuse of discretion exists only  when the trial court acts in an arbitrary, unconscionable, or unreasonable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.  
Id.
  When considering whether a trial court abused its discretion in denying relief, “we keep in mind the several relevant factors . . . ,
(footnote: 0) bearing always in mind that the principle of finality of judgment serves a most useful purpose for society, the courts, and the litigants -- in a word, for all concerned.”  
First Nat’l Bank of Crosby v. Bjorgen
, 389 N.W.2d 789, 796 (N.D. 1986) (citation omitted).   The moving party bears the burden of establishing sufficient grounds for disturbing the finality of the decree, and relief should be granted only in exceptional circumstances.  
Id.
 at 794, 796.  

[¶11] Under Rule 60(b), a decision to submit only certain evidence at a stage in the proceedings  generally cannot later constitute exceptional circumstances justifying relief from a judgment.  
Hefty v. Aldrich
, 220 N.W.2d 840, 847 (N.D. 1974) (finding no exceptional circumstances existed where a Rule 60(b) movant relied on evidence that it chose not to offer at trial).   “[A] Rule 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices.”  
Industrial Comm’n of North Dakota v. Wolf
, 1999 ND App 2, ¶ 6, 588 N.W.2d 590.  Such “[m]ere misjudgment or careless failure to evaluate do[es] not suffice.”  
United States v. O’Neil
, 709 F.2d 361, 373 (5th Cir. 1983) (citation omitted).  “A party remains under a duty to take legal steps to protect his own interests.”  11 Wright et al., 
Federal Practice and Procedure
 § 2864, at 359 (2d ed. 1995);  
see
 
also
 
O’Neil
, at 374-75 (emphasizing the movant’s failure to timely and adequately inquire to protect its interest).  Similarly, the untimely submission of additional evidence to support a Rule 60(b) motion does not create exceptional circumstances justifying relief.  
First Nat’l Bank of Crosby v. Bjorgen
, 389 N.W.2d at 797 (finding no exceptional circumstances existed, “especially in light of [the Rule 60(b) movant’s] failure to seek timely relief from the alleged error”).

[¶12] Here, Follman failed to timely submit sufficient evidence of his medical condition to support his contention the statute of limitations should have been tolled because of his alleged disability.  In response to Upper Valley’s summary judgment motion, Follman merely submitted a personal affidavit.  Follman asserted that shortly after resigning from Upper Valley he had a stroke which impaired his ability “to remember or recall the events that led to [his] constructive discharge until several years had passed.”
(footnote: 4)  The trial court properly concluded the affidavit contained “unsupported conclusionary [sic] allegations” insufficient to raise a genuine factual issue.    
See
 
Norwest Mortg., Inc. v. Nevland
, 1999 ND 51, ¶ 4, 591 N.W.2d 109 (indicating “[a]ffidavits containing conclusory statements unsupported by specific facts are insufficient to raise a material factual dispute”); 
see
 
also
 
Frafjord v. Ell
, 1997 ND 16, ¶¶ 12-13, 558 N.W.2d 848 (concluding the trial court did not abuse its discretion in denying relief under Rules 59 and 60 where the movant supported his motion merely with “affidavits making vague, conclusory allegations”); 
Soentgen v. Quain & Ramstad Clinic, P.C.
, 467 N.W.2d 73, 77 (N.D. 1991) (citation omitted) (indicating “[w]hen no pertinent evidence on an essential element is presented to the trial court in resistance to the motion for summary judgment, it is presumed that no such evidence exists”).   After summary judgment was granted, Follman submitted his own affidavit, attaching a neuropsychological evaluation dated January 7, 1997, and a radiology report dated September 13, 1995.
(footnote: 0)  Follman concedes this evidence was available to him prior to the trial court’s grant of summary judgment.  He asserts, “I had believed that my prior affidavit, which was made in support of my motion opposing summary judgment, stated my medical condition succinctly and fully” and “[h]ad I known that the court needed additional medical and psychological reports, I would have included the two attached reports for the court’s consideration.”  Follman’s decision to submit only his conclusory affidavit in opposing summary judgment which resulted in a failure to raise a genuine factual issue regarding his alleged disability does not create exceptional circumstances justifying relief from the summary judgment.  
See
 
Industrial Comm’n of North Dakota v. Wolf
, 1999 ND App 2, ¶ 6, 588 N.W.2d 590. Likewise, Follman’s untimely submission of additional evidence to support his motion for reconsideration does not create exceptional circumstances.   
See
 
First Nat’l Bank of Crosby v. Bjorgen
, 389 N.W.2d 789, 797 (N.D. 1986).  To protect his rights, Follman should have timely presented sufficient competent evidence to support his contention his alleged disability should toll the statute of limitations; in opposing summary judgment, Follman should have presented evidence that raised a genuine factual issue regarding his alleged disability.  Follman himself conceded, in his brief in support of his motion to reconsider, “[a]ssuming that his affidavit alone would suffice for evidence was obviously an incorrect assumption.”  We accordingly conclude Follman failed to demonstrate sufficient grounds for disturbing the summary judgment and the trial court did not abuse its discretion in denying Follman’s motion for reconsideration.

III

[¶13] Follman asserts the trial court erred by failing, pursuant to N.D.R.Ct. 3.2(b), to deem Upper Valley’s failure to timely file a brief in response to his motion for reconsideration an admission his motion was meritorious.  The record is unclear whether Follman raised this issue before the trial court, but we will assume he did raise the issue and the trial court denied relief under the rule.

[¶14] Rule 3.2(b), N.D.R.Ct., provides:

Failure to File Briefs
.  Failure to file a brief by the moving party may be deemed an admission that, in the opinion of party or counsel, the motion is without merit.  Failure to file a brief by the adverse party may be deemed an admission that, in the opinion of party or counsel, the motion is meritorious.  Even if an answer brief is not filed, the moving party must still demonstrate to the court that it is entitled to the relief requested.

[¶15] "Although a party who fails to respond or make an appearance assumes a substantial risk that the trial court will act favorably on the motion, the moving party has the burden of demonstrating to the trial court's satisfaction that he is entitled to the relief requested."   
City of Grand Forks v. Zejdlik
, 551 N.W.2d 772, 774 (N.D. 1996) (citing  
Hartman v. Hartman
, 466 N.W.2d 155, 156 (N.D. 1991),  and applying N.D.R.Ct. 3.2(b) which then provided "[f]ailure to file a brief by the adverse party is an admission that, in the opinion of party or counsel, the motion is meritorious”).  [¶16] Upper Valley’s failure to timely file a brief in response to Follman’s motion for reconsideration could have been deemed an admission Follman’s motion was meritorious.  
See
 N.D.R.Ct. 3.2(b) (providing the failure to timely file a response brief “may be deemed an admission” the motion has merit).  However, the trial court indicated “no basis has been shown by the plaintiff in [his] brief or supporting documents that constitutes an appropriate reason justifying relief and returning to the original issues relating to the motion for summary judgment.”  Follman failed  to timely present evidence sufficient to raise a genuine factual issue regarding his alleged disability and thus failed to meet his “burden of demonstrating to the trial court’s satisfaction that he is entitled to” relief from the summary judgment dismissal.  We accordingly cannot conclude the trial court erred by not granting him relief. 

 IV

[¶17] Because the trial court did not abuse its discretion in denying Follman’s motion for reconsideration, we affirm.

[¶18] Carol Ronning Kapsner

Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
During his deposition, Follman testified he did not remember any incidents of sexual harassment occurring after January 1995.

2:    
Follman also asserted a federal claim under Title VII of the Civil Rights Act.  Although Follman’s federal claim was also dismissed, Follman only challenges the dismissal of his state law claims.  His federal claim therefore will not be discussed.   

0:
いセ    
The relevant factors include:

the general desirability that a final judgment should not be lightly disturbed; the procedure provided by Rule 60(b) is not a substitute for an appeal; the Rule should be liberally construed for the purpose of doing substantial justice; whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; if relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments, and whether there is merit in the defense or claim, as the case may be; if relief is sought from a judgment rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; whether there are any intervening equities which make it inequitable to grant relief; and any other factor that is relevant to the justice of the judgment under attack.

First Nat’l Bank of Crosby v. Bjorgen
, 389 N.W.2d 789, 796 n.9 (N.D. 1986) (citation omitted).

    

4:    
Evidence indicates Follman contacted his attorney within seven months after his resignation.  Follman’s attorney sent a letter dated January 31, 1996, to Upper Valley, requesting a copy of Follman’s personnel file.

0:
いセ    
Because this evidence was not timely submitted, we need not examine whether it is sufficient to raise a genuine factual issue regarding Follman’s alleged disability.  Further, because Follman failed to timely raise a genuine factual issue regarding his alleged disability, we need not decide whether “equitable tolling” is a valid doctrine. 
See
 
Braaten v. Deere & Co., Inc.
, 1997 ND 202, ¶ 19, 569 N.W.2d 563 (indicating we have not yet decided whether to recognize the doctrine of equitable tolling).  Likewise our ruling does not address the manner of introduction or foundational issues of the additional evidence.