2001 ND 178

**Irene M. DVORAK, n/k/a Irene M. Howard, Plaintiff and Appellee,**

v.

**Larry H. DVORAK, Defendant and Appellant.**

No. 20000343.

Supreme Court of North Dakota.

Nov. 2, 2001.

Rehearing Denied Dec. 20, 2001.

Larry H. Dvorak, pro se, Dickinson, ND, defendant and appellant.

Irene M. Howard (no appearance), pro se, Minot, ND, plaintiff and appellee.

MARING, Justice.

[¶ 1]   Larry H. Dvorak appeals from an order denying his "Motion for Reconsideration and Relief From and Vacation of Judgment." We affirm.

I

[¶ 2]   On April 24, 1997, Irene Howard, formerly known as Irene Dvorak, was granted a temporary protection order against her ex-husband, Larry Dvorak. The order was filed on April 25, 1997, and a hearing on the matter was held on May 2, 1997, before the Honorable Maurice R. Hunke.   Irene Howard appeared at the hearing with her attorney, Joseph H. Kubik.   Larry Dvorak appeared at the hearing with his attorney, Robert A. Keogh. Subsequent to this hearing, Judge Hunke issued a protection order against Larry Dvorak to be in effect for a period of two years from the date of May 2, 1997.   Larry Dvorak was served with the order by mail on May 2, 1997, and the order was filed on May 5, 1997.

[¶ 3]   On April 13, 1999, Irene Howard filed a petition to extend the protection order for the life of Larry Dvorak.   On May 3, 1999, Larry Dvorak was personally served with notice of a hearing on the petition to extend the protection order. The hearing was held on May 11, 1999, with the Honorable Allan L. Schmalenberger presiding.   Irene Howard appeared with her attorney, Joseph H. Kubik. Larry Dvorak did not appear in person or otherwise.   On May 12, 1999, Judge Schmalenberger granted a protection order against Larry Dvorak for the duration of his life, or until further order of the court.   The order was filed on May 13, 1999.

[¶ 4]   On February 10, 2000, Larry Dvorak filed a motion pursuant to N.D.R.Civ.P. 60(b) with the Dunn County District Court to vacate "a Domestic Violence Protection Order, Case No. 97R–05, dated May 12, 1999 and on or about May 4, 1997."   Also on February 10, 2000, Dvorak filed a motion to change venue from the Southwest Judicial District to Ward County, North Dakota.   On April 18, 2000, Judge Schmalenberger filed an order that changed venue from "Dunn County District Court to Ward County District Court."   On April 19, 2000, Dvorak's mo-

tion to vacate was assigned to the Honorable Gary A. Holum of the Northwest Judicial District. Through a letter dated April 20, 2000, Judge Holum denied Dvorak's motion stating, "[t]he defendant cites no reasons nor facts to indicate why this judgment should be set aside."

[¶ 5] On April 24, 2000, Dvorak filed a motion for "Relief From and Vacation of Judgement" and a "Brief in Support of Motion" with the Ward County District Court. Additionally, in a letter dated April 22, 2000, Dvorak requested Judge Holum to grant his motion and explained to him that the brief in support of the motion was not previously filed in Ward County because he had attempted to file it before Judge Schmalenberger granted his request for a change of venue. Judge Holum responded to Dvorak's request in a letter dated April 26, 2000, in which he wrote, "I will review all documentation and will issue an amended order upon review."

[¶ 6] In a letter dated June 19, 2000, Judge Holum explained to Dvorak that, if he desired the court to pursue his motion to vacate any further, "you will have to come forward with affidavits from the witnesses that you state will come forward and will testify." Finding that Dvorak failed to meet his burden of proof, Judge Holum filed an "Order Dismissing Motion Seeking Relief and Vacation of Judgment" on August 25, 2000.

[¶ 7] On September 15, 2000, Dvorak sent a "Motion for Reconsideration and Relief From and Vacation of Judgment," a "Brief in Support of Motion," an "Affidavit of Larry Dvorak," and an audio tape of a telephone conversation Dvorak had with his son, Chris, to the Ward County District Court. These items were filed in Ward County District Court on October 9, 2000. On October 5, 2000, Judge Holum recused himself from the matter. On October 6, 2000, Dvorak's motion was assigned to the

Honorable Gerald Rustad, and an "Order of Re–Assignment" was filed on October 9, 2000. On October 18, 2000, Judge Rustad denied Dvorak's "Motion for Reconsideration and Relief From and Vacation of Judgment." An "Order" reflecting this denial was filed with the Ward County District Court on October 19, 2000, and Dvorak filed his notice of appeal from the Order on December 12, 2000.

## II

[¶ 8] Dvorak raises eight arguments on appeal. Of these eight arguments, seven represent direct attacks on the protection order issued in 1997. Had Dvorak wished to utilize these arguments to challenge the validity of the 1997 protection order, he should have done so on direct appeal of that order. *See State v. Dvorak*, 2000 ND 6, ¶ 31, 604 N.W.2d 445 ("Dvorak had notice of the protection order, and his argument represents an impermissible collateral attack on the order. If Dvorak believes the protection order was invalid, his remedy was to have timely appealed that order.") (citations omitted). Such arguments are not proper grounds for a motion for reconsideration. *See Ellingson v. Knudson*, 498 N.W.2d 814, 818 (N.D.1993) (holding that the trial court properly declined to consider an argument raised for the first time on a motion for reconsideration that could have been raised in earlier proceedings); *see also* Steven Baicker–McKee, William M. Janssen, and John B. Corr, *Federal Civil Rules Handbook* 800 (2001) (stating that motions for reconsideration "are not vehicles for relitigating old issues. Courts properly decline to consider new arguments or new evidence on reconsideration where those arguments or evidence were available earlier.") (footnotes omitted). The only argument raised by Dvorak that has some bearing on his "Motion for Reconsideration

and Relief From and Vacation of Judgment" is his argument that the protection orders issued against him should "be vacated due to fraud pursuant to Rule 60(b)(iii), N.D.R.Civ.P."

[¶ 9] We have stated that motions for reconsideration may be treated like motions to alter or amend judgments under N.D.R.Civ.P. 59(j). *See Woodworth v. Chillemi*, 1999 ND 43, ¶ 7, 590 N.W.2d 446. Additionally, we have also analyzed motions for reconsideration under N.D.R.Civ.P. 60(b) standards. *See Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶¶ 8–10, 609 N.W.2d 90; *Filler v. Bragg*, 1997 ND 24, ¶ 8, 559 N.W.2d 225. Because Dvorak specifically asked the trial court to " 'VACATE' the Domestic Violence Protection Order's, Case No. 00–R–0171, (Dunn County No. 97R–05) dated on or about May 4, 1997, and another on May 12, 1999," and because he relies on Rule 60(b)(iii) in his argument to this Court, we will analyze Dvorak's "Motion for Reconsideration and Relief From and Vacation of Judgment" under Rule 60(b) standards. *See Filler*, 1997 ND 24, ¶ 8, 559 N.W.2d 225 ("When looking at a pleading or motion, we will consider the motion's substance rather than its title to determine the proper nature of the pleading."); *see also* Baicker–McKee, Janssen, & Corr, *supra*, at 799–800 (stating that motions for reconsideration may be treated as Rule 59 motions or Rule 60(b) motions).

### III

[¶ 10] Relief under Rule 60(b)(iii) "is extraordinary relief, to be granted only in exceptional circumstances." *Gajewski v. Bratcher*, 240 N.W.2d 871, 889 (N.D.1976). Under Rule 60(b)(iii), the burden is on Dvorak "to establish, by clear and convincing evidence, that the adverse party obtained the judgment through fraud, misrepresentation, or misconduct." *Id.* Additionally, Dvorak must also establish that "the conduct complained of must be such as to prevent the losing party from fully and fairly presenting its case." *Diaz v. Methodist Hospital*, 46 F.3d 492, 496 (5th Cir.1995) (internal quotations omitted). A trial court's decision on a motion to vacate a judgment under Rule 60 will not be reversed absent an abuse of discretion. *See Follman*, 2000 ND 72, ¶ 10, 609 N.W.2d 90. Furthermore, in reviewing the denial of a motion to vacate, the Court does not "determine if the trial court was substantively correct in entering the judgment from which relief is sought, but determine[s] only if the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established." *Crawford v. Crawford*, 524 N.W.2d 833, 835 (N.D.1994).

[¶ 11] Dvorak contends that "a tape of a phone conversation Larry had with his son, Chris on July 30, 1997, two months after the protection order was signed," shows that Irene Howard committed fraud when she stated the children were afraid of Dvorak in her application for the 1997 temporary protection order. "If unequivocal evidence establishes that a party willfully perjured himself, and thereby prevented the opposition from fully and fairly presenting its case," a court may rely on Rule 60(b)(iii) to grant the innocent party relief. *See Diaz*, 46 F.3d at 497. At most, the taped phone conversation creates a factual dispute over whether Dvorak's children were afraid of him as Ms. Howard alleged; however, it does not establish that Ms. Howard intentionally perjured herself. *See id.* (stating that a post-judgment affidavit that contradicted testimony given in a deposition may have created a factual dispute, but did not establish intentional perjury). Rule 60(b)(iii) "is not intended to correct those outcomes which may be factually incorrect, but rather to protect

against a party prevailing by unfair means." *Diaz*, 46 F.3d at 497.

[¶ 12] Even if we were to accept Dvorak's assertion of fraud on the part of Ms. Howard as true, we would only grant Dvorak's Rule 60(b)(iii) motion if Ms. Howard's actions prevented Dvorak from fully and fairly presenting his case. *See id.* Dvorak was represented by counsel at the protection order hearing in 1997 and was in no way prevented from presenting evidence that would contradict Ms. Howard's allegations at that time. Furthermore, Dvorak was personally served with notice of the hearing on the petition to extend the protection order, but failed to appear at the May 11, 1999, hearing and failed to present any evidence. Accordingly, the trial court did not abuse its discretion in denying Dvorak's "Motion for Reconsideration and Relief From and Vacation of Judgment." *See Diaz*, 46 F.3d at 497 ("When a party is capable of fully and fairly presenting her case notwithstanding 'fraud, misrepresentation, or other misconduct,' the trial court does not err when it denies a Rule 60(b)(3) motion."); *Martin v. Chemical Bank*, 940 F.Supp. 56, 60 (S.D.N.Y.1996) ("Where allegations of fraud, however, are unsubstantiated and merely an effort to relitigate the case, relief under Rule 60(b) must be denied.").

### IV

[¶ 13] We conclude the trial court did not abuse its discretion in denying Dvorak's "Motion for Reconsideration and Relief From and Vacation of Judgment," and therefore, the order is affirmed.

[¶ 14] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, WILLIAM A. NEUMANN, JJ., concur.