2007 ND 75
Rydell GM Auto Center, Inc., Plaintiff and Appellee
v.
Steven Johnson, a/k/a Steven L. Johnson, a/k/a Steve Johnson, Defendant and Appellant.
No. 20070037
Supreme Court of North Dakota.
Decided June 7, 2007
Howard D. Swanson, Letnes, Marshall, Swanson & Warcup, Ltd., 1397 Library Cir., Ste. 202, P.O. Box 12909, Grand Forks, ND 58208-2909, for plaintiff and appellee. Submitted on brief.
Steven L. Johnson, pro se, P.O. Box 5244, Grand Forks, ND 58201, defendant and appellant. Submitted on brief.
Per Curiam.
Per Curiam.
[¶1] Steven Johnson appeals from an order denying a request to reconsider a previously-entered default judgment in favor of Rydell GM Auto Center, Inc. Johnson was served with a summons and complaint in a debt-collection action while he was incarcerated in the Grand Forks County Correctional Center. Johnson failed to respond to the summons and complaint. Rydell served notice to Johnson, indicating it was seeking default judgment. Johnson failed to respond to the notice. After entry of default judgment, Johnson requested the court "reconsider [its] findings because the Courts have failed to bring the defendant to court and have the opportunity to be heard." On appeal, Johnson also argues the Grand Forks County Correctional Center is required to provide him with reasonable access to legal materials or adequate assistance from lawyers to assist him in this debt-collection action.
[¶2] Rule 60(b), N.D.R.Civ.P., is the exclusive means for opening a default judgment. Filler v. Bragg, 1997 ND 24, ¶ 8, 559 N.W.2d 225. The decision whether to vacate a default judgment will not be set aside unless the district court abused its discretion. Id. at ¶ 9. Johnson did not present any evidence indicating he was entitled to relief under N.D.R.Civ.P. 60(b). Therefore, the district court did not abuse its discretion in denying his request, and we summarily affirm under N.D.R.App.P. 35.1(a)(4).
[¶3] Gerald W. VandeWalle, C.J.
Carol Ronning Kapsner
Mary Muehlen Maring
Daniel J. Crothers
Dale V. Sandstrom