2002 ND 146

**William BENDER and Larry Young, assignee, Plaintiffs and Appellants,**

**and**

**Torkildson Properties, Inc., Plaintiff,**

v.

**BEVERLY ANNE, INC., Defendant and Appellee.**

**No. 20010280.**

Supreme Court of North Dakota.

Aug. 29, 2002.

Larry Young (argued), pro se, Bismarck, and William Bender (appeared), pro se, Bismarck, for plaintiffs and appellants.

Brad A. Sinclair (argued), Serkland Law Firm, Fargo, for defendant and appellee.

NEUMANN, Justice.

[¶ 1] William Bender and Larry Young appealed a judgment and two amended judgments in their action against Torkildson Properties, Inc.; Beverly Anne, Inc.; and David L. Torkildson. We conclude Bender was not entitled to a mechanic's lien and we affirm the original judgment. Except for a cost award, we conclude Beverly Anne, Inc., was not entitled to the affirmative relief granted in the amended judgments, and we reverse the amended judgments in part and affirm them in part.

I

[¶ 2] In 1995, Torkildson Properties, Inc., and its president, David Torkildson, contracted with Basic Concrete, Inc., and its president, Kevin Schrenk, for a concrete project at the Beverly Anne assisted

living facility in Lisbon. Schrenk and Basic Concrete, Inc., left the project, filed a mechanic's lien on the property, and sued David Torkildson and Torkildson Properties, Inc., in Ransom County ("Civil No. 96–027"). The mechanic's lien was released by stipulation of the parties and the action was later dismissed by stipulation of the parties.

[¶ 3] Bender filed a mechanic's lien on the project property. On March 8, 2001, Bender and Young filed in district court a complaint against Torkildson Properties, Inc.; Beverly Anne, Inc.; and David L. Torkildson, alleging, among other things, that from September 26, 1995, through October 31, 1995, Bender furnished "labor, materials, and supplies ... used in the improvement of certain real estate owned by the named defendant, Torkildson Properties, Inc., and allegedly in the possession of the named defendant, Beverly Anne, Inc.," and that he was due $8,517.96. The complaint alleges "William Bender has made a limited assignment of the above referenced claim to Larry Young." For the sake of convenient reference, we will refer to Bender and Young, collectively, as "Bender." The complaint alleged "Bender was entitled to the mechanic's lien against the entire described real estate upon which the improvement is situated," and was "entitled to commence an action to enforce the mechanic's lien."

[¶ 4] Beverly Anne, Inc., filed a motion for dismissal or summary judgment, asserting, in part:

> For its motion, Beverly Anne relies upon this motion and notice, its brief filed in support of its motion, the deposition testimony of Kevin Schrenk and William Bender, and all the pleadings and files in this case and the companion case of *Schrenk and Basic Concrete v. David Torkildson and Torkildson Property,* *Inc.,* Civil No. 96–027 (District Court, Ransom County 1996).

With its notice, motion, and supporting brief, Beverly Anne, Inc., filed copies of (1) a contract between Torkildson Properties and Basic Concrete for work at Beverly Anne assisted living facility; (2) a July 5, 1996, stipulation for dismissal with prejudice of Civil No. 96–027; (3) an order for judgment of dismissal in Civil No. 96–027; (4) a judgment of dismissal in Civil No. 96–027; and (5) a release of mechanic's lien on the project property by Kevin Schrenk and Basic Concrete, Inc. In its brief, Beverly Anne, Inc., summarized deposition testimony of Kevin Schrenk and William Bender in Civil No. 96–027, including that Bender testified he was an employee of Basic Concrete.

[¶ 5] At a hearing on May 17, 2001, the trial court took judicial notice of the file in Civil No. 96–027. "Courts have the power to judicially recognize their own records of prior litigation closely related to the present case." 1 *Weinstein's Fed. Evid.,* § 201.12[3], p. 201–29 (2d ed.2002). "Generally, the party challenging the propriety of taking judicial notice has the burden to request the opportunity to be heard." *Id.,* § 201.31[2]. The trial court informed the parties it was taking judicial notice of the file in No. 96–027. Bender did not object to the court's authority or procedure in taking judicial notice. The court ruled it was "going to dismiss the summons and complaint with prejudice," as well as the mechanic's lien and lis pendens filed by Bender. The court explained:

> THE COURT: The rationale, as I've indicated, I'm taking complete judicial notice of 96–027. This matter is res judicata. It was dismissed on the merits by Stipulation of the parties. Mr. Bender is in privity with Basic Concrete, one of the parties in that matter. It cannot

be brought up again. As to the right of Mr. Bender to have a Mechanic's Lien, he simply under the statutes involved is not a subcontractor. The right to a Mechanic's Lien under Title 35–27 belong[s] to Basic Concrete. It did not belong to an employee of a North Dakota Corporation who was not an independent contractor and not an independent operator here.

On June 6, 2001, the court issued the following order for judgment:

> Plaintiffs William Bender's and Larry Young's Complaint concerning the above-entitled matter is hereby DISMISSED with prejudice and all costs and disbursements allowed by law being hereby awarded to Defendant Beverly Anne, Inc. in the manner provided by law. Based on this dismissal, IT IS HEREBY ORDERED that the mechanic's lien filed by William Bender and Larry Young on about January 30, 2001 . . . is hereby stricken, released and satisfied, as well as any Lis Pendens previously filed by Plaintiffs . . . as to the . . . real estate.

The court found "this action is frivolous but has not been brought in bad faith by Plaintiffs but was instead brought by Plaintiffs based on a fundamental misunderstanding of the law" and "denie[d] Defendant's request for attorney's fees and costs." Judgment was entered accordingly on June 8, 2001.

[¶ 6] On June 25, 2001, Beverly Anne, Inc., filed a motion under N.D.R.Civ.P. 60 for relief from judgment or an amended judgment, seeking costs of $678 for depositions of Kevin Schrenk and Bender, an order striking a quitclaim deed to the subject property and declaring it "null and void and of no effect," and an order that any future documents filed by Young, Bender or Torkildson Properties, Inc., "against the real estate . . . are also deemed stricken, null and void and have no future effect."

[¶ 7] The motion was accompanied by a copy of a May 31, 2001, quitclaim deed executed by "Larry Young, Vice President, Torkildson Properties, Inc.," purportedly conveying to William Bender the Beverly Anne assisted living facility property. The deed allegedly had been filed June 4, 2001. The motion was supported by a brief, copies of documents, and affidavits showing or averring, among other things, (1) Beverly Torkildson received all the stock in Torkildson Properties, Inc., which owned the Beverly Anne assisted living facility in Lisbon, in a 1997 divorce judgment; (2) Beverly Mikesh, formerly known as Beverly Torkildson and Beverly Froemke, had changed the corporate name of Torkildson Properties, Inc., to Beverly Anne, Inc., in 1998, but, "through an oversight, failed to convey the real estate that is the subject matter of the present litigation from Torkildson Properties, Inc., to Beverly Anne, Inc.;" and (3) that Beverly Mikesh owns the real estate and "William Bender and Larry Young have no interest in the real estate."

[¶ 8] On July 9, 2001, Bender filed an affidavit averring, among other things, that he is "the registered president of the Torkildson Properties, Inc., a North Dakota corporation," and "[t]he former interests of the named defendant, Torkildson Properties, Inc., previously dismissed from this instant proceeding, with prejudice, have now merged with the interests of the named Plaintiffs in this proceeding." Bender has not disputed Beverly Anne, Inc.'s, assertion that Bender and Young formed a new corporation called Torkildson Properties, Inc., and filed articles of incorporation on May 30, 2001.

[¶ 9] After a hearing on August 9, 2001, the court issued an order for amended judgment on August 13, 2001, which

dismissed Bender's complaint with prejudice, awarded deposition costs of $678, ordered "the Mechanic's Lien filed by William Bender and Larry Young ... is hereby stricken, released and satisfied, as well as any Lis Pendens" on the subject property, declared the quitclaim deed from "Torkildson Property Inc." to Bender is "null and void and of no legal effect;" prohibited Bender, Young or Torkildson Properties, Inc., "from attempting to file ... any deed, conveyance, lien, encumbrance, or any other claim of any kind, concerning the above-noted real property ... without first obtaining express prior permission from the District Court;" and awarded Beverly Anne, Inc., reasonable attorney fees under N.D.C.C. §§ 28–26–01(2) and 28–26–31. Judgment was entered accordingly on August 13, 2001.

[¶ 10] By motion of August 20, 2001, Beverly Anne, Inc., moved for attorney fees of $2,918, presented an affidavit of its attorney, and presented an exhibit showing reasonable attorney fees of $3,740 in the litigation. On September 6, 2001, the trial court issued an order for second amended judgment, awarding Beverly Anne, Inc., attorney fees of $2,918 and costs or disbursements of $678 previously awarded, and reaffirming and incorporating all of the other provisions of the amended judgment entered August 13, 2001. Judgment was entered accordingly on September 10, 2001.

[¶ 11] Bender appealed from the June 6, 2001, order for judgment, the August 13, 2001, order for amended judgment, the September 6, 2001, order for second amended judgment, and the judgments entered on June 8, August 13, and September 10, 2001.

## II

[¶ 12] Bender contends he has a right to a mechanic's lien because he worked on the project. He asserts North Dakota has adopted the "Pennsylvania system," under which a laborer's right to a lien does not depend on the existence of an indebtedness due from the owner to the contractor, rather than the "New York system," under which a laborer's lien depends on an amount remaining due to the contractor. That was true under R.C. 1899, § 4788, construed in *Robertson Lumber Co. v. State Bank of Edinburg*, 14 N.D. 511, 105 N.W. 719 (1905). However, our present statute, N.D.C.C. § 35–27–02, provides, in part: "If the owner or agent has paid the full price or value of the contribution, no lien is allowed." Where an owner has paid the full price or value of the contributions of subcontractors or laborers, any lien they file is void. *Bender v. Aviko USA L.L.C.*, 2002 ND 13, ¶ 5, 638 N.W.2d 545; *Kirkland v. Oberquell*, 405 N.W.2d 21, 23 (N.D.1987). We, therefore, conclude the trial court properly dismissed Bender's complaint and properly ordered the mechanic's lien "stricken, released and satisfied, as well as any Lis Pendens previously filed," in its June 6, 2001, order for judgment. We, therefore, affirm the judgment entered on June 8, 2001.

## III

[¶ 13] The June 25, 2001, and the August 20, 2001, motions by Beverly Anne, Inc., sought relief under N.D.R.Civ.P. 60 in addition to that imposed in the judgment entered on June 8, 2001, in the form of $678 in costs, attorney fees of $2,918, an order that the quitclaim deed is "null and void and of no effect," and an order that any future filings by Bender, Young or Torkildson Properties, Inc., be "also deemed stricken, null and void and have no future effect."

### A. Costs

[¶ 14] At the May 17, 2001, hearing, the trial court said it would award

costs and disbursements under N.D.C.C. ch. 28–26. The June 6, 2001, order for judgment provides, as to costs, that Bender's complaint is "DISMISSED with prejudice and all costs and disbursements allowed by law being hereby awarded to Defendant Beverly Anne, Inc. in the manner provided by law." In explaining its order for judgment, however, the court said:

> Defendant requested attorney's fees and costs against Plaintiffs for frivolous and bad faith litigation. The Court determines that this action is frivolous but has not been brought in bad faith by Plaintiffs but was instead brought by Plaintiffs based on a fundamental misunderstanding of the law. . . . As such, the Court denies Defendant's request for attorney's fees and costs.

[¶ 15] The June 25, 2001, motion of Beverly Anne, Inc., for relief under Rule 60 was accompanied by an affidavit of its attorney, who averred (1) the June 6, order was inconsistent because it granted costs and disbursements in one paragraph and denied them in another; (2) "Beverly Anne submitted the proposed Order for Judgment and Judgment providing that the costs and disbursements were in the amount of $678.00. . . . The affidavit of costs was mistakenly not filed with the court. Attached hereto is a copy of affidavit of costs that was served upon Larry Young and William Bender;" and (3) "Beverly Anne requests this Court to amend the judgment to include costs of $678.00 to be awarded against Larry Young and William Bender jointly."

[¶ 16] In its August 13, 2001, order for amended judgment, the court awarded "costs and disbursements in the amount of $678.00," explaining:

> Defendant is awarded costs and disbursements of $678.00 for deposition expenses concerning the initial proceedings leading to the initial Order For Judgment and Judgment. These costs/disbursements could not be awarded in the initial Order and Judgment because the Affidavit of Costs and Disbursements was inadvertently not filed with the Clerk but the record clearly indicates that this failure to file was not prejudicial to the Plaintiffs because Plaintiffs were timely served and responded. The Court utilized these Depositions in making the rulings which constituted the initial Order for Judgment and Judgment. Therefore these deposition expenses were necessary as they were used and obtained for use in the initial proceedings. These deposition expenses are also fair and reasonable. See N.D.C.C. § 28–26–06(2).

[¶ 17] The $678 for deposition costs was not included in the first judgment because Beverly Anne's attorney inadvertently failed to submit a verified statement thereof, as required by N.D.R.Civ.P. 54(e)(1). Beverly Anne, Inc., sought them in its June 25, 2001, motion for relief under Rule 60. Rule 60(a), N.D.R.Civ.P., provides errors in a judgment or order "arising from oversights or omission may be corrected by the court: (1) at any time on its own initiative; or (2) on the motion of any party." Under N.D.R.Civ.P. 60(a), a court may correct "errors created by oversight or omission that cause the judgment to fail to reflect what was intended at time of trial." *Gruebele v. Gruebele,* 338 N.W.2d 805, 811 (N.D.1983). We conclude that in awarding deposition costs of $678 in the amended and second amended judgments entered August 13 and September 10, 2001, the trial court properly corrected an error arising from oversight or omission under N.D.R.Civ.P. 60(a).

### B. Attorney fees, quitclaim deed, further filings

[¶ 18] In addition to awarding deposition costs under N.D.R.Civ.P. 60(a),

in the amended and second amended judgments, the court also granted other affirmative relief with regard to attorney fees, the quitclaim deed, and future filings, affirmative relief that had not been imposed in the original judgment. The additional affirmative relief sought by Beverly Anne, Inc., in its June 25 and August 20, 2001, motions falls under N.D.R.Civ.P. 60(b), which provides, in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment.

"A trial court's decision on a Rule 60(b) motion for relief is within the trial court's sound discretion and will not be overturned absent an abuse of discretion," *Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 10, 609 N.W.2d 90, although a motion for relief from a void judgment under N.D.R.Civ.P. 60(b)(iv) "is not left to the court's discretion," *First Nat'l Bank of Crosby v. Bjorgen*, 389 N.W.2d 789, 793 (N.D.1986).

[¶ 19] However, while a prior judgment may be set aside upon a N.D.R.Civ.P. 60(b) motion for relief from judgment, N.D.R.Civ.P. 60(b) may not be used to impose further affirmative relief in addition to that already contained in the prior judgment. *McKenzie County Soc. Serv. Bd. v. C.G.*, 2001 ND 151, ¶ 20, 633 N.W.2d 157. The only relief available under Rule 60(b) is merely to set aside a judgment. *Id.* The affirmative relief requested and granted was not available to Beverly Anne, Inc., through a motion for relief under N.D.R.Civ.P. 60(b); its "remedy, if any, is outside the scope of this action." *McKenzie*, at ¶ 23.

IV

[¶ 20] We affirm the judgment entered June 8, 2001. We affirm the amended judgment entered August 13, 2001, and the second amended judgment entered September 10, 2001, to the extent they award deposition costs of $678, and we reverse them in all other respects.

[¶ 21] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.