2003 ND 100

**OLANDER CONTRACTING CO.,**
Plaintiff and Appellee,

v.

**GAIL WACHTER INVESTMENTS,**
Dakota Sand and Gravel, Inc.,
Defendants,

and

The City of Bismarck, North Dakota,
Defendant and Appellant.

No. 20020330.

Supreme Court of North Dakota.

June 17, 2003.

Rehearing Denied July 16, 2003.

David J. Hogue (appeared), Pringle & Herigstad, P.C., Minot, N.D., and Marvin T. Fabyanske, Fabyanske, Westra & Hart, Minneapolis, MN, for plaintiff and appellee.

Randall J. Bakke, Smith Bakke Oppegard Porsborg Wolf, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] The City of Bismarck ("Bismarck") appealed an amended judgment that, among other things, awarded Olander Contracting Co. ("Olander") interest under the prompt payment statute, N.D.C.C. ch. 13–01.1. We conclude the addition of prompt payment interest was not available to Olander under N.D.R.Civ.P. 60(b) after our decision in an earlier appeal became final. We reverse and remand for entry of judgment.

I

[¶ 2] Olander sued Gail Wachter Investments and Bismarck for damages for extra work it claimed it was required to perform to complete a water and sewer construction contract. The jury found Olander performed extra or unforeseen work, for which Bismarck was required to compensate it in the amount of $220,849.67. Bismarck appealed the judgment, and Olander cross-appealed, contending the trial "court erred in interpreting and applying this State's prompt payment statute in N.D.C.C. ch. 13–01.1." *Olander Contracting Co. v. Gail Wachter Invs.*, 2002 ND 65, ¶ 6, 643 N.W.2d 29 ("*Olander* ").

[¶ 3] Section 13–01.1–01, N.D.C.C., provides in part:

> Every state agency, political subdivision, or school district, which acquires property or services pursuant 'to a contract with a business shall pay ... if no date for payment is specified by contract, within forty-five days after receipt of the invoice.

Section 13–01.1–02, N.D.C.C., provides for interest on overdue payments. Section 13–01.1–03, N.D.C.C., provides for compounding interest. Section 13–01.1–05, N.D.C.C., provides the chapter is inapplicable when there is a dispute:

> If the agency or business fails to timely pay interest as required by sections 13–01.1–02 and 13–01.1–06 and the failure is the result of a dispute ... over the amount due or over compliance with the contract, the provisions of this chapter are inapplicable. If the settlement of a dispute is found in favor of the business, ..., interest must accrue and be paid as provided in section 13–01.1–03.

[¶ 4] In *Olander*, at ¶¶ 46–47, we disagreed with the trial court's conclusion that N.D.C.C. ch. 13–01.1 does not apply in this case because the dispute was ended by judgment rather than by "settlement," and we construed N.D.C.C. ch. 13–01.1:

> We construe N.D.C.C. § 13–01.1–05 to mean that N.D.C.C. ch. 13–01.1 is inapplicable while there is a reasonable dispute between the agency and the business over the amount due or over compliance with the contract. However, once a "settlement of a dispute is found in favor of the business," which implies a decision-making process about the amount due or compliance with the contract, then interest accrues and is payable in accordance with N.D.C.C. ch. 13–01.1 from that point.

*Olander*, 2002 ND 65, ¶ 47, 643 N.W.2d 29. Although we disagreed with the trial court's analysis of the prompt payment statute, we affirmed the judgment, which did not include interest under the prompt payment statute.

[¶ 5]   Bismarck, the appellant in *Olander*, petitioned for rehearing.  Olander, the cross-appellant in *Olander*, did not petition for rehearing.  We denied Bismarck's petition for rehearing. After our decision in *Olander* became final, Olander filed a motion to tax appeal costs or amend the judgment to include interest under the prompt payment statute.  Recognizing it had made a mistake in construing the prompt payment statute, the trial court, relying on N.D.R.Civ.P. 60(b), granted the motion to amend the judgment to include prompt payment interest from the date of the jury verdict.

[¶ 6]   Bismarck appealed, contending (1) Olander was not entitled to prompt payment interest, because this Court affirmed the original judgment, which did not include prompt payment interest;  (2) interest did not begin to accrue until Bismarck had exhausted its right of appeal; and (3) Olander's motion was untimely.

## II

[¶ 7]   Rule 60(a), N.D.R.Civ.P., provides "[c]lerical mistakes in judgments . . . may be corrected by the court."  For other matters, N.D.R.Civ.P. 60(b) provides "the court may relieve a party . . . from a final judgment" for any of six reasons:

(i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judg-

ment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;  or (vi) any other reason justifying relief from the operation of the judgment.

[¶ 8]   "A trial court's decision on a Rule 60(b) motion for relief is within the trial court's sound discretion and will not be overturned absent an abuse of discretion."  *Follman v. Upper Valley Special Educ. Unit*, 2000 ND 72, ¶ 10, 609 N.W.2d 90 (citing *Grinaker v. Grinaker*, 553 N.W.2d 204, 207 (N.D.1996)).  "A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law."  *Grinnell Mut. Reinsurance Co. v. Center Mut. Ins. Co.*, 2003 ND 50, ¶ 51, 658 N.W.2d 363.

[¶ 9]   The catch-all clause in N.D.R.Civ.P. 60(b)(vi) gives the court "a grand reservoir of equitable power to do justice in a particular case."  *Compton v. Alton Steamship Co., Inc.*, 608 F.2d 96, 106 (4th Cir.1979) (citations omitted) (construing Rule 60(b)(6), F.R.Civ.P.).  We have recognized "N.D.R.Civ.P. 60(b)(vi) provides the ultimate safety valve to avoid enforcement by vacating the judgment to accomplish justice."  *Kopp v. Kopp*, 2001 ND 41, ¶ 10, 622 N.W.2d 726.

[¶ 10]   However, N.D.R.Civ.P. 60(b) does not have an unlimited reach.  "Rule 60(b) is not a substitute for an appeal."  *Follman*, 2000 ND 72, ¶ 10 n. 3, 609 N.W.2d 90.  Rule 60(b) may not be used to relieve a party from free, calculated, and deliberate choices.  *Id.* at ¶ 11.  "[J]udgments on the merits of a dispute, once rendered by this Court on appeal,

after becoming final, should be set aside under Rule 60(b) only in exceptional circumstances where the application of equitable principles demands that such an extraordinary remedy be used to prevent an injustice from occurring." *Gajewski v. Bratcher*, 240 N.W.2d 871, 887 (N.D.1976). This Court has held, N.D.R.Civ.P. 60(b) can be used to relieve a party from a judgment by vacating it, but cannot be used to award additional affirmative relief:

> However, while a prior judgment may be set aside upon a N.D.R.Civ.P. 60(b) motion for relief from judgment, N.D.R.Civ.P. 60(b) may not be used to impose further affirmative relief in addition to that already contained in the prior judgment. *McKenzie County Soc. Serv. Bd. v. C.G.*, 2001 ND 151, ¶ 20, 633 N.W.2d 157. The only relief available under Rule 60(b) is merely to set aside a judgment. *Id.*

*Bender v. Beverly Anne, Inc.*, 2002 ND 146, ¶ 19, 651 N.W.2d 642.

[¶ 11] As we noted in *Olander*, at ¶ 47 n. 2, the parties did not focus on the question of when the dispute was resolved for the accrual of interest in accordance with N.D.C.C. ch. 13–01.1. Thus, Olander did not establish the point from which prompt payment interest would run. We also did not establish that date. Nor did we reverse and remand for a determination of the proper date. Instead, we affirmed the judgment, which did not include prompt payment interest, and that judgment became final. We conclude additional affirmative relief beyond that contained in the judgment we affirmed in *Olander* is not available to Olander under N.D.R.Civ.P. 60(b), and the trial court abused its discretion in adding prompt payment interest to the judgment we affirmed in *Olander*.

### III

[¶ 12] The amended judgment is reversed, and the matter is remanded for entry of judgment in accordance with our decision in *Olander*.

[¶ 13] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.