Filed 5/17/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 99

Donna Watts, Jack Watts, Georgia Bonderenko, 

Mabel Brauer, Gaylen Erck, Vickie Erck, 

Rodney Getzlaff, Kathy Getzlaff, Harlon Getzlaff, 

Dennis Hensen, LaVonne Hensen, Delton Hust, 

Holly Hust, Dennis Jacobsen, Christie Jacobsen, 

Bruce Johnson, Diane Johnson, Judith Koponen, 

Wayne Krzmarzick, Darrel Loftesnes, Theresa Loftesnes, 

Eugene Neiss, Melanie Wanner, Mark Rustad, 

Rena Rustad, Jim Soltis, Rita Stomvoll, John Stomvoll, 

Jim Suydam, Bonnie Suydam, Clara Thompson, Larry Voltz, 

Diane Voltz, Natalie Wade, Shawn Weigel, LaRinda Weigel, 

Lynn Wood, Vernon F. Bohara, Elinda Kay Bohara, 

Laverne Mikkelson as Trustee of Ann C. Bonebrake 

Trust and Carol Uecker, Plaintiffs and Appellants

v.

Magic 2 x 52 Management, Inc., a North Dakota 

corporation, B K Properties, L.L.C., a North Dakota 

limited liability company, Herslip Construction, Inc., a 

North Dakota corporation, Kenneth Herslip, individually,

and doing business as Herslip Restaurants, Bradley Wells 

and Mark Guttormson, Defendants and Appellees

No. 20110145

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable William W. McLees, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Randall J. Bakke, P.O. Box 460, Bismarck, N.D. 58502-0460, for plaintiffs and appellants.

Todd E. Zimmerman (argued), Benjamin J. Hasbrouck (on brief), and Kristy L. Albrecht (on brief), 51B Broadway, Suite 402, Fargo, N.D. 58102-4970, for defendants and appellees.

Watts v. Magic 2 x 52 Management, Inc.

No. 20110145

Sandstrom, Justice.

[¶1] The plaintiffs (“Limited Partners”), a majority of the limited partners of Magic 2 x 52 Limited Partnership (“Magic Partnership”), appeal from an order denying their post-judgment motion to pierce the corporate veil of several corporate defendants and to recover punitive damages.  Because the Limited Partners’ post-judgment motion did not seek to reopen the final judgment entered in this case under either N.D.R.Civ.P. 59 or 60, we conclude the district court did not err in denying the motion.  We affirm.

I

[¶2] In 2007, the Limited Partners began this derivative action on behalf of Magic Partnership against several defendants involved with the acquisition and development of property for a Denny’s restaurant franchise in Minot, North Dakota, including Magic 2 x 52 Management, Inc. (“Magic Corporation”), B K Properties, L.L.C., Herslip Construction, Inc., and Kenneth Herslip.  The plaintiff Limited Partners were limited partners of Magic Partnership, and Magic Corporation was the general partner.  According to an offering circular, Herslip was a shareholder of Magic Corporation and was to serve as its president and chief executive officer.  Herslip was also president of Herslip Construction, which constructed the restaurant building.  The Limited Partners state that at all relevant times, Herslip was an officer, director and controlling shareholder of the defendants-appellees.

[¶3] The Limited Partners’ investment in Magic Partnership did not go as planned, and they initiated this lawsuit, seeking removal of Magic Corporation as the general partner of Magic Partnership and requesting monetary damages for breach of fiduciary duties, breach of contract, conversion of partnership property, fraud, and other violations of North Dakota law.  The Limited Partners also sought to pierce the corporate veil of the corporate defendants to hold Kenneth Herslip personally liable for the corporate defendants’ conduct and to recover punitive damages.

[¶4] After a bench trial, the district court decided that Magic Corporation had been properly removed as the general partner of Magic Partnership, dismissing defendants’ counterclaim, and the court awarded Magic Partnership monetary damages from Magic Corporation, Herslip Construction, and B K Properties.  The court, however, denied the Limited Partners’ request for punitive damages and refused to pierce the corporate veils of the judgment debtors to impose personal liability on Kenneth Herslip.  In denying the Limited Partners’ request for punitive damages, the district court reasoned:

While there is little question that the evidence in relation to the Herslip Defendants’ handling of the excess lot plus transaction would 
support
 a claim for exemplary (punitive) damages, awarding such damages rests in the sound discretion of the Court—and the Court does not feel compelled to 
punish
 the Herslip Defendants, or to 
make an example
 of them, by requiring them to pay exemplary (punitive) damages in this case.  Several factors militate against an award of such damages in this case: . . .

Under these circumstances, the Court is persuaded that an award of exemplary (punitive) damages is 
not
 warranted in this case—and the Plaintiffs’ request for such an award is 
denied
.

[¶5] The district court also denied the Limited Partners’ request to pierce the veil of the corporate defendants to hold Kenneth Herslip personally liable for any of the damages awarded, explaining:

In the instant case, the Plaintiffs have the burden of proof with respect to piercing the corporate/limited liability veils.  “The burden of establishing the necessary elements for piercing the corporate veil rests on the party asserting the claim.” . . .

In this case, the Plaintiffs have failed to provide the Court with the necessary evidence to make the determination whether the corporate/limited liability company veils should be pierced under the 
Coughlin
 analysis.  It is not the Court’s job to make the Plaintiffs’ case in this regard. . . .

Under the circumstances, the Court is 
not
 in a position to hold Herslip personally liable for any of the damages awarded by the Court in this case.

[¶6] A May 2010 amended judgment awarded Magic Partnership $146,153.99 against Magic Corporation, B K Properties, and Herslip Construction; awarded Magic Partnership $144,263.80, and prejudgment interest of $77,783.88, against Magic Corporation and Herslip Construction; and awarded Magic Partnership costs and disbursements of $46,201.47 against Magic Corporation, B K Properties, and Herslip Construction.  None of the parties appealed from the May 2010 judgment.

[¶7] The Limited Partners’ subsequent efforts to collect on the judgment were unsuccessful.  In June 2010, both Herslip Construction and Magic Corporation filed for bankruptcy under chapter 7.  In January 2011, the Limited Partners filed a post-

judgment motion again requesting the district court pierce the corporate veils of the corporate judgment debtors to hold Kenneth Herslip personally liable for the judgment.  The Limited Partners’ motion also requested punitive damages on the basis of fraudulent conveyances and waste of corporate assets for additional conduct not litigated in the prior action.

[¶8] The district court denied the Limited Partners’ post-judgment motion, concluding they had not shown an appropriate basis for granting their request to pierce the corporate veil and to recover punitive damages.  The court stated its prior opinion after trial had specifically denied the plaintiffs’ requests to pierce the corporate veil and to recover punitive damages with a detailed analysis.  The court said the Limited Partners had not filed motions under N.D.R.Civ.P. 59 and 60 and had not appealed any aspect of the court’s initial judgment.  The court concluded the May 2010 amended judgment was final as to all issues decided by the court after trial and refused to revisit piercing the corporate veil and punitive damages.  The court held the Limited Partners’ cited authority did not allow “a ‘second bite of the apple’ as to these two issues.”  The court also stated it could not provide the Limited Partners a remedy “when none exists under the applicable law/rules.”  The Limited Partners appealed from the order denying their post-judgment motion.

[¶9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06.  The appeal is timely under N.D.R.App.P. 4(a).  This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28-27-01 and 28-

27-02.

II

[¶10] The Limited Partners argue the district court erred in deciding it lacked authority to grant their post-judgment motion to pierce the corporate veil and to award punitive damages on the basis of pre-judgment and post-judgment fraudulent conveyances, waste, and other wrongful conduct.

[¶11] Generally, in the context of N.D.R.Civ.P. 59 and 60, we review a district court’s denial of post-trial motions for a new trial or for relief from a judgment under the abuse of discretion standard.  
See
 
State ex rel. Bd. of Univ. and School Lands v. Alexander
, 2006 ND 144, ¶ 7, 718 N.W.2d 2; 
Johnson v. Nodak Mut. Ins. Co.
, 2005 ND 112, ¶ 18, 699 N.W.2d 45; 
Bender v. Beverly Anne, Inc.
, 2002 ND 146, ¶ 18, 651 N.W.2d 642; 
Schaefer v. Souris River Telecomms. Coop.
, 2000 ND 187, ¶ 14, 618 N.W.2d 175.  We have explained that issues presented for the first time to a trial court in a new trial motion are generally too late to be considered to make a new rule of law or to refine an existing rule.  
See
 
Johnson
, 2005 ND 112, ¶ 17, 699 N.W.2d 45; 
Rummel v. Rummel
, 265 N.W.2d 230, 232 (N.D. 1978); 
Kirchoffner v. Quam
, 264 N.W.2d 203, 207 (N.D. 1978).  We have also said a motion under N.D.R.Civ.P. 60 for relief from a judgment is not a substitute for an appeal, and a motion under Rule 60(b) may not be used “to provide a litigant with a second chance to present new explanations, legal theories, or proof to a court.”  
Johnson
, at ¶ 17; 
see also
 
Olander Contracting Co. v. Gail Wachter Invs.
, 2003 ND 100, ¶ 10, 663 N.W.2d 204.

[¶12] The Limited Partners acknowledge they did not bring their post-judgment motion under either N.D.R.Civ.P. 59 or 60, but instead argue the court had authority to grant their requested relief under North Dakota law. We thus examine the nature of the Limited Partners’ requested post-judgment motion to pierce the corporate veil of the judgment debtor corporations.  A corporation’s officers and directors generally are not liable for the corporation’s ordinary debts.  
Coughlin Constr. Co., Inc. v. Nu-Tec Indus., Inc.
, 2008 ND 163, ¶ 19, 755 N.W.2d 867; 
Axtmann v. Chillemi
, 2007 ND 179, ¶ 12, 740 N.W.2d 838.  However, “the corporate veil may be pierced when the legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime.”  
Coughlin Constr.
, at ¶ 19.  This Court has described the following factors for deciding whether to pierce the corporate veil:

“[F]actors considered significant in determining whether or not to disregard the corporate entity include: insufficient capitalization for the purposes of the corporate undertaking, failure to observe corporate formalities, nonpayment of dividends, insolvency of the debtor corporation at the time of the transaction in question, siphoning of funds by the dominant shareholder, nonfunctioning of other officers and directors, absence of corporate records, and the existence of the corporation as merely a facade for individual dealings.  
Victoria Elevator Co. v. Meriden Grain Co.
, 283 N.W.2d 509, 512 (Minn.1979).”

Coughlin Constr.
, at ¶ 20 (quoting 
Hilzendager v. Skwarok
, 335 N.W.2d 768, 774 (N.D. 1983)).  Additionally, “‘an element of injustice, inequity or fundamental unfairness must be present before a court may properly pierce the corporate veil.’”  
Coughlin Constr.
, at ¶ 20 (quoting 
Jablonsky v. Klemm
, 377 N.W.2d 560, 564 (N.D. 1985)).

[¶13] The burden of proving the requirements for piercing the corporate veil is on the party asserting the claim.  
Coughlin Constr.
, 2008 ND 163, ¶ 21, 755 N.W.2d 867.  “‘Resolving the issue is heavily fact-specific and, therefore, is 
within the sound discretion
 of the district court.  The court’s findings of fact are presumed to be correct, and will be reversed on appeal only if they are clearly erroneous.’”  
Id.
 (quoting 
Intercept Corp. v. Calima Fin., LLC
, 2007 ND 180, ¶ 15, 741 N.W.2d 209) (emphasis added).  A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law.  
Choice Fin. Grp. v. Schellpfeffer
, 2006 ND 87, ¶ 9, 712 N.W.2d 855; 
Alexander
, 2006 ND 144, ¶ 7, 718 N.W.2d 2.

[¶14] The Limited Partners contend a variety of evidence and alleged conduct support their post-judgment motion to pierce the corporate veil of the corporate judgment debtors.  These assertions include defendants’ prejudgment fraudulent conduct already addressed by the district court in its opinion following trial and defendants’ purported fraudulent conduct during the litigation and post-judgment, which the Limited Partners  assert include intentionally diminishing the assets of the judgment debtors, transferring business opportunities that would have benefitted the judgment debtors to entities in which Herslip or his spouse have controlling interests, and refusing to comply with post-judgment discovery requests.  The Limited Partners argue they were not limited to post-judgment motions seeking relief from the final judgment under N.D.R.Civ.P. 59 and 60, because they are not asking for a new trial or reversal of the existing judgment in this action.  They contend instead they are seeking to hold Kenneth Herslip “personally responsible for the judgment debt of Herslip Construction, Magic [Corporation], and B K Properties, and awarding punitive damages due to his personal ongoing fraudulent conduct of transferring debtor assets to other entities in which he and/or his wife have controlling interests, all for the malicious purpose of frustrating [the Limited Partners’] collection efforts.”  They rely on 
Axtmann v. Chillemi
, 2007 ND 179, 740 N.W.2d 838; 
Hamilton v. Hamilton
, 410 N.W.2d 508, 515 (N.D. 1987); and N.D.C.C. §§ 13-02.1-08(2) and 13-

02.1-10.  Their arguments are unavailing.

[¶15] First, our decision in 
Axtmann
, 2007 ND 179, 740 N.W.2d 838, is procedurally distinguishable and does not support a district court’s post-judgment authority to pierce the corporate veil.  In 
Axtmann
, at ¶ 9, the Axtmanns sued Chillemi, Natwick, Mainland, Main Realty, and Mainland Ventures, “alleging that after the Axtmanns 
obtained their judgment in the prior action
, Chillemi dissolved Main Realty and Natwick incorporated Mainland and [alleging] . . . listing agreements and interests in real estate commissions formerly held by Main Realty were transferred to Mainland for no value.”  (Emphasis added.)  The Axtmanns asserted fraudulent transfers and sought a declaration that Mainland was a successor in interest to Main Realty to collect the 
prior judgment
 against Main Realty.  
Id.
  In addition to preventing the dissipation of assets, Axtmanns requested an order “piercing the corporate veil of Main Realty and imposing personal liability on Natwick and Chillemi for the debts of Main Realty and Mainland.”  
Id.

[¶16] The district court held after a bench trial that “Main Realty’s assignments of listing contracts to Mainland were fraudulent transfers under N.D.C.C. ch. 13-02.1 and [that] Mainland was liable for the Axtmanns’ judgment against Main Realty.”  
Axtmann
, 2007 ND 179, ¶ 10, 740 N.W.2d 838.  The court also pierced Main Realty’s corporate veil, imposing personal liability on Chillemi and Natwick.  
Id.
  The proceedings to pierce Main Realty’s corporate veil were part of a subsequent action based on the fraudulent transfers, rather than a continuation of the prior proceedings in which the Axtmanns obtained the judgment against Main Realty.  Thus, 
Axtmann
 does not support the plaintiffs’ post-judgment motion in the same proceedings in which the plaintiffs obtained a judgment against the corporate defendants.  In fact, the Limited Partners in this case have acknowledged the commencement of a separate action against Herslip and other defendants in state court, seeking to impose personal liability on Herslip.

[¶17] The Limited Partners’ reliance on 
Hamilton
, 410 N.W.2d 508, is also misplaced.  They contend, even if modifying the final judgment were necessary to grant their requested relief, the district court has equitable power to do so outside of N.D.R.Civ.P. 59 and 60.  In 
Hamilton
, however, this Court addressed an ex-spouse’s attempt to gain relief from a divorce judgment in an independent common law action in equity to obtain relief from the judgment.  This Court held that because such an action in equity to obtain relief from judgment was permissible under N.D.R.Civ.P. 60(b) as a legitimate means of providing a party relief from the judgment and was recognized as a permissible claim at law, it was not a collateral attack, but rather a direct attack on the parties’ divorce judgment and may not be precluded as a matter of law.  
Id.
 at 520.  The Court held, as a matter of law, the ex-spouse was not precluded from prosecuting her independent action in equity to obtain relief from the judgment as prescribed by N.D.R.Civ.P. 60(b) and established North Dakota case law.  
Id.
  In this case, however, the Limited Partners, in pursuing their post-judgment motion, have specifically disavowed reliance on N.D.R.Civ.P. 60 and have not provided case law in which this Court has permitted such a post-judgment motion to relitigate specific issues decided in the prior trial.

[¶18] Finally, the Limited Partners contend, in addition to the court’s inherent power, the Uniform Fraudulent Transfer Act, N.D.C.C. ch. 13-02.1, provides the district court with power to hold Herslip personally liable for assets fraudulently transferred for his own benefit.  
See
 N.D.C.C. §§ 13-02.1-08(2), 13-02.1-10.  As we explained in 
Carlson v. Carlson
, 2011 ND 168, ¶ 22, 802 N.W.2d 436, “[u]nder N.D.C.C. ch. 13-02.1, transfers may be found fraudulent ‘as to a creditor,’ N.D.C.C. § 13-02.1-04(1), and only a creditor may seek relief to avoid a transfer under the Act, N.D.C.C. § 13-02.1-07.  A ‘creditor’ is defined as ‘a person who has a claim.’  N.D.C.C. § 13-02.1-01(4).”  
Carlson
, at ¶ 22.  “A ‘claim’ is defined as ‘a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.’ N.D.C.C. § 13-02.1-01(3).”  
Carlson
, at ¶ 22.  However, N.D.C.C. § 13-02.1-07(1), which provides the various remedies of creditors under the Act, states that the remedies are available “[
i]n an action for relief against a transfer or obligation under this chapter
.”  (Emphasis added.)

[¶19] Here, although the Limited Partners are seeking to enforce the judgment entered in favor of Magic Partnership against the corporate entities and cite various sections under N.D.C.C. ch. 13-02.1 for the court’s authority to undertake post-

judgment veil piercing in this case, the Limited Partners do not appear to be proceeding against a specific transfer or obligation under the chapter.  Rather, the Limited Partners seek to impose personal liability on Kenneth Herslip for the final judgment entered against the corporate entities after trial in this case.  In fact, in their reply brief, the Limited Partners claim their motion would not be subject to an automatic bankruptcy stay and appear to disavow seeking a specific remedy for alleged fraudulent transfers, stating:

Defendants confuse the issue of recovery of assets improperly transferred by the judgment debtors (arguably the province of the bankruptcy trustee as to Herslip Construction and [Magic Corporation]), with Plaintiffs’ requested remedy of holding the shareholder/officer/director of the judgment debtors (Ken Herslip) personally liable for the judgment debts due to wrongful conduct by making fraudulent transfers and engaging in intentional waste of judgment debtor assets. . . .  While the Bankruptcy Court may be an appropriate forum to pursue recovery of specific assets wrongfully transferred by Herslip Construction and [Magic Corporation], that is not the relief sought by the Plaintiffs pursuant to their motion to the District Court, at issue.

We conclude under these circumstances N.D.C.C. ch. 13-02.1 does not require the court to provide the relief sought by the Limited Partners’ post-judgment motion.

[¶20] Under North Dakota law, we conclude the Limited Partners’ post-judgment motion would require reopening the prior judgment.  In making their motion to pierce the corporate veil, the Limited Partners have relied upon and intertwined both prejudgment and post-judgment facts in support of their argument.  The district court previously decided the substantive claims in this action with regard to these same parties after a lengthy trial.  To the extent the Limited Partners are seeking to hold Kenneth Herslip liable on the basis of other conduct and legal claims not already adjudicated in this case, we believe a separate action, as has apparently already been commenced, may be appropriate to the extent not subject to an automatic stay.

[¶21] We therefore conclude the Limited Partners’ allegations in support of their motion would necessarily require the court to amend the judgment entered after trial.  In denying the Limited Partners’ motion, the district court held the May 2010 judgment “is 
final
 as to all issues decided by the Court in this matter—including the issues the Plaintiffs now want this Court to re-visit, 
piercing the corporate veil
 and 
punitive damages
.”  The court continued:  “In making this determination, the Court finds that the line of cases (i.e., 
Coughlin Construction Co., Inc. v. Nu-Tec Industries, Inc.
, 2008 ND 163, 755 N.W.2d 867; 
Axtmann v. Chillemi, et al.
, 2007 ND 179, 740 N.W.2d 838; 
Hamilton v. Hamilton
, 410 N.W.2d 508 (N.D. 1987); and, 
Jablonsky v. Klemm
, 377 N.W.2d 560 (N.D. 1985)) relied upon by the Plaintiffs simply do 
not
 allow them—
in this action
—a ‘second bite of the apple’ as to these two issues.”  We agree.

[¶22] Under the facts and circumstances of this case, we hold the Limited Partners, in seeking post-judgment relief to pierce the corporate veil and to recover punitive damages, were required to make a timely motion under N.D.R.Civ.P. 59 or 60 to reopen the final judgment.  Because they did not bring their post-judgment motion under either N.D.R.Civ.P. 59 or 60, we conclude the district court did not err in denying the motion.

[¶23] We additionally note the defendants have argued that to the extent the Limited Partners assert claims against Magic Corporation or Herslip Construction, they are in violation of the automatic stay under federal bankruptcy laws.  
See
 11 U.S.C. § 362(a).  The defendants claim the Limited Partners have appeared in the pending bankruptcy cases involving Magic Corporation and Herslip Construction and are aware of the proceedings, including their requesting and receiving authority from the bankruptcy court to conduct discovery from the two entities.  The defendants further claim the Limited Partners have not made any allegations to the bankruptcy court of improper asset transfers or “other supposed misdeeds” and therefore their requests to the state district court for relief wholly lacked merit and were properly denied.  In essence, the defendants assert that if Kenneth Herslip transferred assets of Herslip Construction or if a subsequent company formed by Kenneth Herslip had taken assets or opportunities from Herslip Construction, it should have been brought before the bankruptcy court.

[¶24] The Limited Partners respond their motion was properly addressed to the district court and the defendants confuse the issue of recovery of improperly transferred assets by the judgment debtors with their requested remedy to hold Kenneth Herslip personally liable for the judgment because of wrongful conduct in making fraudulent transfers and engaging in intentional waste of the judgment debtor’s assets.  The Limited Partners argue, while the bankruptcy court may be the appropriate forum for them to pursue recovery of specific assets wrongfully transferred by Herslip Construction and Magic Corporation, that is not the relief sought in their motion, and the bankruptcy court is not the proper forum to address the Limited Partners’ request to pierce the corporate veil of Herslip Construction and Magic Corporation to hold Kenneth Herslip personally responsible for the judgment debts.

[¶25] Without citing any supporting case law and analysis, the defendants have asserted the Limited Partners’ post-judgment motion is subject to the bankruptcy automatic stay, and the Limited Partners have asserted there has been no violation of any automatic stay in the pending bankruptcy proceedings.  Under 11 U.S.C. § 362(a)(1) and (3), a debtor’s filing of a bankruptcy petition “ordinarily operates as an automatic stay of the commencement or continuation of any action 
against a debtor
 or 
against property of the estate
.”  
Superpumper, Inc. v. Nerland Oil, Inc.
, 2000 ND 220, ¶ 9, 620 N.W.2d 159 (emphasis added).  The stay is effective automatically upon filing the bankruptcy petition.  
Id.
 (citing 3 Collier on Bankruptcy ¶ 362.02 (15th ed. rev. 2000)).

[¶26] We have said it is “well settled” that the “automatic stay provisions . . . extend only to the stay of an action against a debtor involved in a bankruptcy proceeding and not to co-defendants who are not involved in bankruptcy proceedings.”  
Production Credit Ass’n v. Klein
, 385 N.W.2d 485, 487 (N.D. 1986); 
see also
 
Nerland Oil
, 2000 ND 220, ¶ 10, 620 N.W.2d 159.  However, courts have also recognized “the automatic stay of 11 U.S.C. § 362(a)(1) applies to actions against non-debtor codefendants in ‘unusual circumstances.’”  
Nerland Oil
, at ¶ 11.  Further, 11 U.S.C. § 362(a)(3) “stays any action against a debtor 
or third party
 to obtain possession or exercise control over property of the debtor.”  
Nerland Oil
, at ¶ 12 (emphasis added).  Because we affirm the district court’s disposition of the Limited Partners’ post-judgment motion, we deem it unnecessary for this Court to address whether the motion constitutes a potential violation of the automatic stay.

III

[¶27] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The district court order is affirmed.

[¶28] Dale V. Sandstrom

Mary Muehlen Maring

Gerald W. VandeWalle, C.J.

Kapsner, Justice, concurring.

[¶29] Under the particular facts of this case, I concur.  Post-judgment proceedings in aid of execution were constrained by the bankruptcies of the principal judgment debtors.  The specific issue of piercing the corporate veil had been an issue at trial, and the trial judge chose not to re-address it based on post-judgment activities.  However, the holding of this case should not be read to preclude an examination of the authority of a trial court to pierce the corporate veil under N.D.R.Civ.P. 69 for post-judgment activities that attempt to defeat the claims of a judgment creditor.  
See, e.g.
, 
Aioi Seiki, Inc. v. JIT Automation, Inc.
, 11 F.Supp.2d 950, 952-53 (E.D. Mich. 1998); 
MCI Telecomms. Corp. v. O’Brien Mktg., Inc.
, 913 F.Supp. 1536, 1540 (S.D. Fla. 1995).

[¶30] Carol Ronning Kapsner

Mary Muehlen Maring

Crothers, Justice, concurring.

[¶31] I agree with Justice Kapsner’s concurrence.  In addition, the Limited Partners sought to use a post-judgment motion to obtain punitive damages for Kenneth Herslip’s and the corporate defendants’ alleged post-trial fraudulent conveyances and waste of corporate assets.  Majority Opinion at ¶ 7.  The Limited Partners have provided us with no legal authority recognizing the availability of such an expedient remedy, and I have found none.  The majority opinion does not directly address this issue, and my concurrence should not be read as an agreement such a remedy exists.

[¶32] Daniel J. Crothers